1742

The STATE, Respondent v. Robert Edwin DOWEY, Appellant.

(413 S.E. (2d) 848)

Court of Appeals

*Douglas S. Strickler,* Columbia, *for appellant.*

*Atty. Gen. T. Travis Medlock, Asst. Attys. Gen. Harold M. Coombs, Jr.,* and *Miller W. Shealy, Jr.,* and *Chief Deputy Atty. Gen. Cameron Currie,* Columbia, *for respondent.*

Heard Nov. 11, 1991.

Decided Jan. 6, 1992.

BELL, Judge:

A jury found Robert Edwin Dowey guilty of trafficking in cocaine. The court sentenced him to twenty-five years imprisonment and a $200,000 fine. Dowey appeals, claiming the prosecution violated his right not to be put twice in jeopardy for the same offense. We affirm.

The indictment alleged that Dowey was guilty of trafficking in cocaine in that he did

> from . . . May 1986 up to late July 1986, knowingly, unlawfully and willfully conspire . . . with Rex Alan Barnhardt, Richard Vasquez and other persons . . . to bring into this State, to sell and deliver, and did provide financial assistance, and otherwise aid and abet the bringing into this

State, the sale and delivery, and was knowingly in actual or constructive possession of more than four hundred (400) grams of Cocaine. . . .

At trial, the State introduced evidence showing that between May and July, 1986, Dowey went to Florida on a number of occasions and brought back substantial amounts of cocaine each time. On one such trip with Rex Alan Barnhardt in early July, Dowey procured a kilogram (1000 grams) of cocaine from Richard Vasquez and others in Miami. Dowey and Barnhardt brought the cocaine back to South Carolina. At one point during the May to July period, Mary Manning also saw Dowey in actual possession of one half a kilogram (500 grams) of cocaine in South Carolina. From May until July 22, 1986, Dowey sold more than fifteen ounces (425 grams) of cocaine to Mary Manning, who purchased it for her own use and for resale to others. Based on this and other evidence, Dowey was convicted of trafficking cocaine between May and July, 1986.

Prior to his trial on the trafficking charge, Dowey had pleaded guilty to a separate charge for possession with intent to distribute cocaine. The guilty plea was based on his arrest for possession of cocaine on September 3, 1986, some six weeks after the May to July 22nd period.

The Double Jeopardy Clause of the United States Constitution bars any subsequent prosecution in which the government, to establish an essential element of the offense charged, must prove conduct that constitutes an offense for which the defendant has already been prosecuted. *Grady v. Corbin*, 495 U.S. 508, 110 S. Ct. 2084, 109 L. Ed. (2d) 548 (1990). The rule in *Grady v. Corbin* applies only when the conduct previously prosecuted is to be used to establish the entirety of an element of the offense charged in the second prosecution. *United States v. Clark*, 928 F. (2d) 639 (4th Cir. 1991). The defendant must make an initial showing that prosecution for the crime charged is barred on double jeopardy grounds by a prior prosecution; the burden then shifts to the government to establish there were two separate crimes. *See United States v. Ragins*, 840 F. (2d) 1184 (4th Cir. 1988).

Dowey claims the cocaine involved in the September 3rd offense was part of the cocaine for which he was prosecuted on the trafficking offense. He concedes,

however, that if this is not the case, then there are separate acts for which he may be separately prosecuted without putting him twice in jeopardy for the same offense.

It is manifest from the record that Dowey's prosecution for trafficking and his guilty plea for possession with intent to distribute were for two separate offenses that occurred over six weeks apart. The State did not attempt to prove the trafficking charge by showing that the cocaine in Dowey's possession on September 3, 1986, was the same cocaine in which he had been trafficking up to July 22, 1986. Indeed, it is obvious from the facts that it was not the same cocaine. Dowey had already disposed of over 400 grams of cocaine he brought from Florida by July 22nd. He no longer had that cocaine in his possession on September 3rd. No evidence of the September 3rd offense was introduced at the trial for trafficking. The trafficking conviction was based solely on evidence of conduct occurring no later than July 22, 1986. Dowey's counsel conceded at trial (and in argument on this appeal) that the record is devoid of evidence relating the cocaine involved in the September offense to the cocaine underlying the trafficking charge. Accordingly, there is no merit to Dowey's claim of double jeopardy.

Affirmed.

SHAW and CURETON, JJ., concur.