23827

The STATE, Appellant v. Ronald Mackey AMERSON, Robert Leon Ham, a/k/a/ "Robbie," and Billy Ray Amerson, Respondents.

(428 S.E. (2d) 871)

Supreme Court

*Atty. Gen. T. Travis Medlock* and *Chief Deputy Atty. Gen. Cameron M. Currie,* Columbia, *for appellant.*

*Edward E. Saleeby, Jr.,* Hartsville, and *Olin L. Purvis, III,* Darlington, *for respondents.*

Heard October 26, 1992.

Decided March 22, 1993.

TOAL, Justice:

The issue presented in this appeal is whether the trial court erred in dismissing the indictment alleging the respondents conspired to purchase and bring into the state more than one hundred (100) pounds of marijuana on Double Jeopardy grounds. We affirm.

## FACTS

The respondents were indicted under two separate indictments. The first indictment alleged a conspiracy to traffic

marijuana which was alleged to have run from February 1990 to September 1990 (hereinafter "post-1990 conspiracy"). The second indictment alleged an earlier conspiracy to traffic marijuana from November 1986 through December 1989 (hereinafter "pre-1990 conspiracy"). The post-1990 conspiracy was tried first. The respondents were acquitted. Prior to the trial on the pre-1990 conspiracy, the respondents moved for dismissal of the charges on Double Jeopardy grounds. In support of their motion, respondents submitted the transcript of the first trial in which evidence pertinent to the alleged pre-1990 conspiracy was admitted under *State v. Lyle*, 125 S.C. 406, 118 S.E. 803 (1923).[1] The trial judge found the two alleged conspiracies were in reality one single continuing conspiracy. Accordingly, he dismissed the second indictment. The State appeals.

## LAW/ANALYSIS

The Double Jeopardy Clauses of the United States and South Carolina Constitutions protect against multiple punishments for the same offense. *State v. Magazine*, 302 S.C. 55, 393 S.E. (2d) 385 (1990). The gravamen or gist of the offense of conspiracy is the agreement. *State v. Dasher*, 278 S.C. 454, 298 S.E. (2d) 215 (1982); *accord United States v. Felix*, — U.S. —, 112 S.Ct. 1377, 118 L.Ed. (2d) 25 (1992). Both indictments charge a violation of S.C. Code Ann. Section 44-53-370(e)(1), which provides in part:

> Any person who knowingly . . . conspires to sell, manufacture, cultivate, deliver, purchase, or bring into this State, . . . ten pounds or more of marijuana is guilty of a felony which is known as "trafficking in marijuana". . . .

Thus, the indictments allege two conspiracies which violate the same conspiracy statute.[2] Accordingly, the law set out in *Braverman v. United States*, 317 U.S. 49, 63 S.Ct. 99, 87 L.Ed. 23 (1942), is controlling. In *Braverman*, the government alleged the defendants entered into a single conspiracy with the object to commit several violations of the internal revenue

---

[1] The admissibility of this evidence in the first trial is not before this Court.

[2] This fact distinguishes this case from *State v. Wilson (Stephen and Walter)*, — S.C. —, — S.E. (2d) — Op. No. 23824 (S.C. Sup. Ct. filed March 22, 1993) (Davis Adv. Sh. No. 8 at 5 ), wherein the State alleged that two separate subsections of 44-53-370(e) were violated.

liquor laws. The government sought the two-year statutory penalty for each illegal object although the conspiracy violated only one conspiracy statute. The Court held

> [w]hether the object of a single agreement is to commit one or many crimes, it is in either case that agreement which constitutes the conspiracy which the statute punishes. The one agreement cannot be taken to be several agreements and hence several conspiracies because it envisages the violation of several statutes rather than one.... The single agreement is the prohibited conspiracy, and however diverse its objects it violates but a single statue.... For such a violation only the single penalty prescribed by the statute may be imposed.

*Braverman v. United States*, 317 U.S. 49, 54, 63 S.Ct. 99, 102, 87 L.Ed. 23, 28-9 (1942) (citations omitted). Accordingly, the Double Jeopardy claim presented here depends on whether the respondents were involved with two separate conspiracies or one continuous conspiracy.

Once the defendant has made a *prima facie* case of Double Jeopardy, the State bears the burden of proving two separate offenses by the preponderance of the evidence. *State v. Dowey*, — S.C. —, 413 S.E. (2d) 848 (Ct. App. 1992). We find a *prima facie* case has been established by the allegations in the indictments. Thus, the burden is on the State to show two separate conspiracies.

Generally, the agreement, which is the essence of the conspiracy, is proven by various overt acts committed in futherance of the conspiracy. Therefore, a single conspiracy may be established by completely different aggregations of proof so that there appears to be several conspiracies. *United States v. Ragins*, 840 F. (2d) 1184 (4th Cir. 1988). Accordingly, a multipronged flexible "totality of the circumstances" test is applied to determine whether there were two conspiracies or merely one. *Id.* The factors considered are (1) the time periods covered by the alleged conspiracies; (2) the places where the conspiracies are alleged to have occurred; (3) the persons charged as conspirators; (4) the overt acts alleged to have been committed in futherance of the conspiracies, or any other descriptions of the offenses charged which indicate the nature and scope of the activities being prosecuted; and

(5) the substantive statutes alleged to have been violated. *Id.* This test was adopted by this court in *Dasher, Supra.*

Appellate courts are bound by fact findings in response to motions preliminary to trial when the findings are supported by the evidence and not clearly wrong or controlled by error of law. *City of Chester v. Addison,* 277 S.C. 179, 284 S.E. (2d) 579 (1981). Here, the trial judge correctly applied the totality of circumstances test to the evidence presented. Furthermore, the trial judge's finding that the respondents engaged in one continuing conspiracy is supported by the evidence. Although the time periods did not overlap, there was insufficient evidence that the break in activity during the winter of 1989-90 indicated a termination of one conspiracy and the beginning of another. One of the conspirators was arrested in December of 1989; however, the evidence indicates this arrest did not terminate the conspiracy. Additionally, several arrests occurred during the course of the conspiracy prior to 1990, with very little interruption of the other conspirators' activities. The places where the activity occurred were consistent throughout this period. The conspirators drove to their source in Texas and brought the marijuana back to the Lamar, South Carolina area for distribution. The core group remained constant throughout this period. Of the fourteen conspirators listed on the indictment charging the post-1990 conspiracy, ten were also indicted in the pre-1990 conspiracy. Additionally, there was evidence that two other conspirators were, in fact, involved pre-1990, although they had not been indicted. The method in which the marijuana was transported and distributed did not vary substantially between December 1989 and February 1990. Moreover, the substantive offenses, which were alleged as the object of the conspiracy, were identical.

The State argues that the respondents waived their Double Jeopardy claim by failing to seek consolidation of the indictments. The State relies on *United States v. Edmond,* 924 F. (2d) 261, *cert. denied,* — U.S. —, 112 S.Ct. 125, 116 L.Ed. (2d) 92 (1991) in support of its contention. *Edmond,* however, is clearly distinguishable. In *Edmond,* the drug conspiracy charge was severed from the murder charge in response to the defendant's motion. The defendant then raised former jeopardy as a bar to the murder charge in which

the State intended to prove the defendant's guilt based on the fact that his co-conspirator performed the actual killing. In *Edmond*, the former jeopardy issue was created by the defendant's affirmative act. In this case, the respondents took no affirmative action. Further, the Double Jeopardy claim raised here was not one of former jeopardy which was created because the indictments were tried consecutively. The Double Jeopardy issue presented here could have been asserted even if the indictments had been tried together. *Braverman, supra; see also United States v. Gomez-Pabon*, 911 F. (2d) 847 (1st Cir. 1990), *cert. denied*, — U.S. —, 111 S.Ct. 801, 112 L.Ed. (2d) 862 (1991).

Accordingly, we affirm.

HARWELL, C.J., and CHANDLER, FINNEY and MOORE, J.J., concur.