**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
In The Court of Appeals

The State, Respondent,

v.

Michael Avery Humphrey, Appellant.

Appellate Case No. 2011-191566

———————

Appeal From Lee County
William P. Keesley, Circuit Court Judge

———————

Unpublished Opinion No. 2013-UP-209
Heard May 8, 2013 – Filed May 22, 2013

———————

**AFFIRMED**

———————

Appellate Defenders Dayne C. Phillips and Carmen J. Ganjehsani, both of Columbia, for Appellant.

Attorney General Alan McCrory Wilson and Assistant Attorney General Christina J. Catoe, both of Columbia, and Solicitor Donald V. Myers, of Lexington, for Respondent.

———————

**PER CURIAM:** Appellant Michael Humphrey seeks review of his conviction for involuntary manslaughter. Appellant argues that the trial court erred in denying his

motion to dismiss for violation of his right to a speedy trial. Appellant also argues that the trial court erred in denying his directed verdict motion because the State failed to present substantial circumstantial evidence of his guilt. We affirm pursuant to Rule 220(b), SCACR, and the following authorities:

1. As to Appellant's directed verdict motion: *State v. Odems*, 395 S.C. 582, 586, 720 S.E.2d 48, 50 (2011) (holding that on appeal from the denial of a directed verdict motion, the appellate court must view the evidence in the light most favorable to the State); *State v. Gaster*, 349 S.C. 545, 555, 564 S.E.2d 87, 92 (2002) (holding that the appellate court may reverse the trial court's denial of a directed verdict motion only if there is no evidence to support the trial court's ruling); *State v. Lollis*, 343 S.C. 580, 584, 541 S.E.2d 254, 256 (2001) ("If there is any direct evidence or any substantial circumstantial evidence reasonably tending to prove the guilt of the accused, an appellate court must find the case was properly submitted to the jury.").

2. As to Appellant's speedy trial motion: *Barker v. Wingo*, 407 U.S. 514, 530, 533 (1972) (holding that in evaluating a speedy trial claim, the court must consider the length of, and reason for, the delay, the defendant's assertion of his right, the prejudice to the defendant, and any other relevant circumstances); *State v. Langford*, 400 S.C. 421, 442, 735 S.E.2d 471, 482 (2012) ("A court's decision on whether to dismiss on speedy trial grounds is reviewed for an abuse of discretion."); *id.* ("An abuse of discretion occurs when the trial court's decision is based upon an error of law or upon factual findings that are without evidentiary support."); *State v. Amerson*, 311 S.C. 316, 320, 428 S.E.2d 871, 873 (1993) ("Appellate courts are bound by fact findings in response to motions preliminary to trial when the findings are supported by the evidence and not clearly wrong or controlled by error of law."); *State v. Waites*, 270 S.C. 104, 108, 240 S.E.2d 651, 653 (1978) (holding that the manner in which the defendant asserts his right to a speedy trial is an important factor to be considered); *State v. Smith*, 307 S.C. 376, 380, 415 S.E.2d 409, 411 (Ct. App. 1992) (holding that the burden was on the defendant to show that the delay was due to the neglect and willfulness of the State's prosecution).

**AFFIRMED.**

**FEW, C.J., and GEATHERS and LOCKEMY, JJ., concur.**