## 9951

### SAULS-BAKER CO. v. ATLANTIC COAST LINE R. CO.

(96 S. E. 118.)

1. APPEAL AND ERROR—PLEADING—AMENDMENTS—DISCRETION OF TRIAL COURT.—The allowance or refusal of amendments is a matter within the sound discretion of the trial Court, the exercise of which will not be disturbed by the Supreme Court, unless it be made to appear that it was clearly wrong and prejudicial.

2. PLEADING—AMENDMENT BY DEFENDANT—STATUTE OF LIMITATIONS.— In suit against a railroad for loss of lard in transit and for the statutory penalty for failure to pay claim in 30 days, on second trial the Court properly allowed defendant to amend its answer by pleading the statute of limitations as a bar to the action for the penalty; the defense being a matter of law, and plaintiff being in no worse plight by reason of its interposition at the second trial than if it had been set up at the first trial.

3. LIMITATION OF ACTIONS—FAILURE TO PAY CLAIM—"ACTION UPON A STATUTE."—A shipper's action against the railroad, in so far as it seeks to recover the penalty provided by Civ. Code 1912, sec. 2573, for failure to pay claim within 30 days after filing, is "an action upon a statute" within Code Civ. Proc. 1912, sec. 138, subd. 2, providing that an action upon a statute for a penalty must be brought within three years.

4. LIMITATION OF ACTIONS—ACTION FOR PENALTY—LEGISLATIVE INTENT —PRESUMPTION.—There being nothing in Civ. Code 1912, sec. 2573, providing penalty for a carrier's failure to pay claim for loss in transit within 30 days, directly prescribing any limitation at all, it must be presumed that the legislature intended that the action for the penalty must be brought within the time prescribed by Code Civ. Proc. 1912, sec. 138, subd. 2, the general law on the subject, despite the provision of section 2573 that unless the full amount of the claim filed be recovered no penalty shall be recovered, which does not imply that the penalty may be sued for and recovered as long as the claim may be sued for.

5. CARRIERS—CARRIAGE OF FREIGHT—ACTIONS FOR LOSS AND PENALTY— STATUTE.—A shipper aggrieved by a loss of freight in transit may sue the carrier in separate actions for the amount claimed for the loss and for the penalty prescribed by Civ. Code 1912, sec. 2573, for failure to pay claim within 30 days, though the trial of the cause of action for the penalty must accompany or follow the trial of that for the claim, since the penalty cannot be recovered until and unless the full amount claimed is recovered.

Before SPAIN, J., Florence, Spring term, 1917.    Affirmed.

Action by the Sauls-Baker Company against the Atlantic Coast Line R. R. Co. From the judgment, plaintiff appeals.

*Mr. Philip H. Arrowsmith,* for appellants, cites: *As to error of presiding Judge in not disregarding defendant's plea of the statute of limitations:* 92 S. C. 33; Code of Procedure, sections 138, 142; 72 S. C. 362; Civil Code, 1912, sections 2519 and 2573; 70 S. C. 409; 71 S. C. 208. *The Statute of Limitations has no application to case at bar, and a consignee can recover the penalty for failure to pay claim for lost freight as long as he can recover damages:* Code of Procedure, sections 138 and 142; 72 S. C. 362; Civil Code, 1912, sections 2519 and 2573; 70 S. C. 409; 71 S. C. 208.

*Messrs. F. L. Willcox* and *J. M. Lynch,* for respondent, cite: *As to allowance of amendment to answer:* 31 S. C. 588; 32 S. C. 57; 54 S. C. 109; 30 S. C. 564; 39 S. C. 333; 80 S. C. 1; 80 S. C. 213; 68 S. C. 506; 85 S. C. 259; 81 S.

C. 574; 65 S. C. 827; 92 S. C. 33. *As to the statute of
limitations being applicable to case at bar:* Code of Pro-
cedure, sections 138, 147; Civil Code, vol. I, sec. 2573. *As
to whether or not in an action for the recovery of damages
and penalty, the penalty follows as a matter of course:* 84
S. C. 34.

April 8, 1918.

The opinion of the Court was delivered by MR. JUSTICE
HYDRICK.

Plaintiff sued defendant in a magistrate's Court for $6.70
damages for the loss of a case of lard in transit between
Charleston and Lake City, and $50, the penalty provided by
statute (section 2573, Civ. Code 1912) for failure to pay
the claim within 30 days after the filing thereof, to wit, on
September 2, 1909. The action was commenced December
6, 1912. At the first trial the sole defense was the refusal
of plaintiff to surrender the bill of lading. Plaintiff recov-
ered the full amount of the claim and the penalty. On
appeal by defendant the Circuit Court reversed the judg-
ment and remanded the case for a new trial. On call of the
case for the second trial defendant moved and was allowed,
over plaintiff's objection, to amend its answer by pleading
the statute of limitations as a bar to the action for the pen-
alty. On the conclusion of the evidence defendant moved
for a directed verdict as to the penalty, on the ground that
recovery therefor was barred by the statute. The motion
was refused, and plaintiff again had judgment for the full
amount of the claim sued for and the penalty. Defendant
again appealed, and the Circuit Court affirmed the judg-
ment for the claim, but reversed it as to the penalty on the
ground that the cause of action for the penalty was barred
by the statute of limitations; whereupon plaintiff appealed
to this Court.

Plaintiff contended in the Circuit Court, and renews that
contention here, that the magistrate erred and abused his

discretion in allowing the defendant to amend its answer and plead the statute of limitations, and that the Circuit Court ered in not so holding. It is too well settled to require citation of the decisions that the allowance or refusal of amendments is a matter within the sound discretion of the trial Court, the exercise of which will not be disturbed by this Court, unless it be made to appear that it was clearly wrong and prejudicial. There was no such error in allowing the amendment. The defense allowed to be set up was a matter of law, and plaintiff was in no worse plight by reason of its interposition at the second trial than it would have been if it had been set up at the first trial, at which defendant would have had the right to set it up.

This case differs materially from that of *Lowry v. R. Co.,* 92 S. C. 33, 75 S. E. 278, which is relied upon by appellant, as will be seen by reference to the facts and circumstances stated in the opinion. There the motion to amend was refused by the Circuit Court on the ground that sufficient notice thereof had not been given. This Court held that the notice was sufficient, but that if the merits of the motion had been considered the Court would not have been warranted in allowing the amendment, because it appeared that the defendant was lacking in diligence in procuring the information upon which the proposed amendment was founded. The cases cited by respondent (to which may be added *Mason v. Johnson,* 13 S. C. 21, and *Seegers v. McCreery,* 41 S. C. 548, 19 S. E. 696) show that there was no abuse of discretion in allowing the amendment.

The statute of limitations applicable to this case is subdivision 2 of section 138 of the Code of Civil Procedure, which provides that: "An action upon a statute, for a penalty or forfeiture, where the action is given to the party aggrieved, or to such party and the State, except where the statute imposing it prescribes a

different limitation" must be brought within three years after accrual thereof.

We do not agree with appellant that this action, in so far as it seeks to recover the penalty, is not "an action upon a statute." Without the statute there would have been no penalty and no cause of action for a penalty. The action is allowed only by virtue of the statute; therefore it is "an action upon a statute" for the penalty.

The next question is: Does this action for the penalty fall within the exception stated in subdivision 2 of section 138, *supra?* In other words, does the statute which imposes the penalty (section 2573, Civ. Code 1912) prescribe a different limitation from that prescribed in section 138? There is nothing in section 2573 which directly prescribes any limitation at all. Therefore it must be presumed that the legislature intended that the action for the penalty must be brought within the time prescribed by subdivision 2 of section 138, *supra,* the general law on that subject, because it is there specially declared that all actions for penalties of the nature there defined must be brought within the time therein prescribed.

Notwithstanding this direct declaration of the legislative intent in subdivison 2 of section 138, *supra,* appellant contends that, because section 2573 provides that unless the full amount of the claim filed be recovered no penalty shall be recovered; that is, because the recovery of the penalty depends upon recovery of the full amount of the claim, the intention is to be implied that the penalty may be sued for and recovered as long as the claim may be sued for. But that implication is by no means necessary. In fact, if we consider the intent of section 2573, the implication would seem to be the other way, for it is apparent that the purpose of that section was to require prompt settlement of the class of claims there mentioned. But there is no room for implication either way, since the two sections are perfectly plain and consistent with each other. The claimant is not bound

to sue for the penalty. He may forego that right. Or he may sue for the penalty and for the amount claimed in separate actions (as they are separate causes of action) or in the same action. *Jenkins v. Railroad Co.,* 84 S. C. 343, 66 S. E. 409. The only dependence of the one action upon the other is that the penalty cannot be recovered until and unless the full amount claimed is recovered, either in a different action or in the same action, and, therefore, the trial of the cause of action for the penalty must either accompany or follow the trial of that for the claim. But that dependence of the result of the one upon the other does not necessarily imply an intention of the legislature that the time within which the two actions must be brought was extended as to the one or shortened as to the other.

The usury statute referred to by appellant, and the decisions of this Court thereunder are not analogous, for that statute expressly provides that the penalty or forfeiture for usury received may be set up as a counterclaim in an action to recover the principal sum, thereby expressly prescribing a different limitation for the recovery of the forfeiture by way of counterclaim in an action for the principal sum. It necessarily followed, from the express words of the statute, that so long as the debt may be sued for the penalty or forfeiture may be counterclaimed against it.

Judgment affirmed.