21273

TULOKA AFFILIATES, INC., Respondent, v. Albert W. MOORE, and Margaret Moore, Appellants.

(268 S. E. (2d) 293)

200

*Nancy C. McCormick, Professor Nathan M. Crystal,* Columbia, *for appellants.*

*John B. Butler, Jr., Edward M. Woodward, Jr., Woodward, Butler & Unger,* Columbia, *for respondent.*

July 23, 1980.

HARWELL, Justice:

Albert W. and Margaret Moore appeal the decision of the trial judge granting respondent Tuloka Affiliates, Inc. summary judgment on appellants' counterclaim. We reverse.

The Moores bought a mobile home under an installment plan and gave a purchase money mortgage to secure the transaction to the seller. The seller then transferred its interests to Tuloka Affiliates, Inc. Tuloka subsequently commenced an action in claim and delivery against the Moores alleging default in payments under the contract.

During the course of pleadings, the Moores filed within their amended answer, a "second defense and counterclaim." The Moores alleged that the contract relied upon by Tuloka violates the Federal Truth in Lending Act [TILA], 15 U. S. C. § 1601, *et seq.* (1974), and the regulations promulgated thereunder, 12 C. F. R. § 226.8, *et seq.*, by failing to make required disclosures. The Moores then asked for relief in the form of twice the finance charge, up to the statutory ceiling of One Thousand Dollars each, plus costs and attorney's fees. See, 15 U. S. C. § 1640(a). Tuloka moved for summary judgment on the second defense and counterclaim, alleging that the Moores had not timely raised the TILA violations issue. The lower court agreed and granted the motion.

In granting summary judgment, the lower court takes the position that Section 1640(e) of the TILA absolutely bars appellants from raising the issue of disclosure violations in their amended pleadings since the action by Tuloka was commenced more than one year after the contract to purchase the mobile home was executed. Section 1640(e) provides:

"Any action under this section may be brought in any United States district court, or in any other court of competent jurisdiction, within one year from the date of the occurrence of the violation."

Unfortunately, Congress has provided no definitive guidance as to its intent in enacting Section 1640(e). As a consequence, the states have taken stances on the issue of whether TILA may be raised in defense beyond the one year period which generally vary according to local law. See,

Annotation, 36 A. L. R. Fed. 657 (1978). As such, we believe it to be proper to resolve the issue before us in accordance with South Carolina practice and case law.

Despite appellants' use of the terms "second defense and counterclaim", we are convinced that what was pled was not a claim for affirmative relief at all but rather was in the nature of a recoupment defense. A recoupment, unlike a counterclaim, only reduces the plaintiff's claim; it does not allow recovery of an affirmative money judgment for any excess over that claim. Unlike set-off, it must grow out of the identical transaction that gave rise to the plaintiff's claim. *Mullins Hospital v. Squires,* 233 S. C. 186, 104 S. E. (2d) 161 (1958).

"Recoupment, therefore, is the right of the defendant to cut down or diminish the claim of the plaintiff in consequence of his failure to comply with some provison of the contract sought to be enforced, *or because he has violated some duty imposed upon him by law in the making or performance of that contract.* The delinquency or deficiency which will justify the reduction of the plaintiff's claim must arise out of the same transaction, and not out of a different transaction." *Mullins Hospital v. Squires, supra,* 104 S. E. (2d) at page 166, citing Burks' Pleading and Practice, 4th Ed., Section 247, page 438. (Emphasis added).

Respondent's argument that the contract executed by the appellants and duties of disclosure imposed by TILA do not form part of the same transaction are unpersuasive. The duties imposed on the lender arise out of the loan transaction itself and effectively become a part of the contract.

While the limitation of Section 1640(e) may be interposed to bar an affirmative counterclaim or set-off, it may not be used to defeat the equitable defense of recoupment. This Court has long held the view that:

"[Recoupment] grows out of the contract itself which is the cause of action, and is not barred by the statute of limita-

tions. It would be manifestly unjust to permit the vender to enforce a subsisting contract, and deny to the purchaser, from lapse of time, a defense involving the validity of it at its inception. *Evans' Executors v. Yongue,* 42 S. C. L. (8 Rich.) 113, 115 (1854).

See also, *Bull v. United States,* 295 U. S. 247, 55 S. Ct. 695, 79 L. Ed. 1421 (1935); *Earle v. Owings,* 72 S. C. 362, 51 S. E. 980 (1905).

The purpose of the TILA is "to assure meaningful disclosure of credit terms" so that the consumer can shop for credit on an informed basis. 15 U. S. C. § 1601. The provisions for remedies at Section 1640(a) place enforcement of the TILA in the hands of the consumer. If recoupment claims were barred by the limitation in Section 1640(e), lenders could avoid the consequences of noncompliance simply by waiting a year to bring suit on a default, thereby defeating the purpose of the TILA.

The summary judgment on appellants' recoupment claim is reversed and the matter is remanded. For guidance recoupment is available against the costs and attorney's fees, as well as any other monetary claim awarded to respondent in this action.

LEWIS, C. J., and LITTLEJOHN, NESS and GREGORY, JJ., concur.