291 S.C. 201 (1987)
352 S.E.2d 707
Richard S. LOVERING and Erroll Lovering, on behalf of themselves and all other similarly situated property owners in the Seabrook Island Development in the County of Charleston, State of South Carolina, Respondents
v.
SEABROOK ISLAND PROPERTY OWNERS ASSOCIATION, Petitioner-Respondent. E.C.M. WALLER and Adelaide Waller, on behalf of themselves and all other similarly situated property owners in the Seabrook Island Development in the County of Charleston, State of South Carolina, Respondents
v.
SEABROOK ISLAND COMPANY and Seabrook Island Property Owners Association Of whom Seabrook Island Company is Respondent-Petitioner, and Seabrook Island Property Owners Association is Petitioner-Respondent.
22659
Supreme Court of South Carolina.
Submitted December 8, 1986.
Decided January 19, 1987.
*202 W. Foster Gaillard, of Buist, Moore, Smythe & McGee, Gedney M. Howe, III, and David B. Wheeler, of Holmes & Thomson, Charleston, for petitioner-respondent.
Robert H. Hood, and Alexander Bullock, both of Robert Hood & Associates, Charleston, for respondent-petitioner.
J. Randolph Pelzer, of Pelzer & Algar, P.A., Charleston, for respondents.
Submitted Dec. 8, 1986.
Decided Jan. 19, 1987.
Per Curiam:
Respondents, who are both Seabrook Island property owners, commenced these actions to challenge the validity of an assessment imposed by Petitioner Seabrook Island Property Owners Association (Association) to pay for bridge repairs and a beach renourishment project. The circuit court granted summary judgment for the Association and Petitioner Seabrook Island Company (Company), and respondents appealed.
The Court of Appeals reversed, holding that the actions of the Association were ultra vires. Lovering v. Seabrook Island Property Owners Ass'n, 289 S.C. 77, 344 S.E. (2d) 862 (Ct. App. 1986). The Association and the Company now seek a writ of certiorari. We grant certiorari, dispense with further briefing, and affirm as modified.
It is undisputed that the Association had no express power to impose the assessment at issue. The Association and the Company argue, however, that the power to levy this special assessment was an implied or incidental power of the Association's authority under its By-laws to maintain and preserve the amenities and values of the development.
*203 Implied or incidental powers are those which are reasonably necessary to the execution of the corporation's express powers, not those which are merely convenient or useful. South Carolina Elec. & Gas Co. v. South Carolina Public Service Auth., 215 S.C. 193, 54 S.E. (2d) 777 (1949); Creech v. South Carolina Public Service Auth., 200 S.C. 127, 20 S.E. (2d) 645 (1942).
Assuming, without deciding, that the Association had the responsibility of maintaining the streets and the beach, the By-laws provided the mechanism of an annual maintenance charge to finance the necessary repairs. Furthermore, the Association could have financed the repairs by use of its statutory authority to borrow funds under S.C. Code Ann. § 33-31-100(2)(1976), a course of action the Association apparently considered and rejected. Since the power to levy a special assessment was not necessary for the Association to carry out its express powers, even if more convenient than the available fund raising methods, it could not be an implied or incidental power.
The Association and the Company also argue that the assessment was an allowable adjustment to the annual maintenance charge. The assessment in question was based on the Association's calculation of the "value received" by each property owner from the repairs. The By-laws, however, specifically provide that adjustments to the annual maintenance charge are to be based on the assessed value of the property as fixed by the county tax assessor. Thus, an adjustment based on the "value received" by the individual property owners was invalid.
Based on the foregoing, the Court of Appeals correctly held that the imposition of the special assessment was ultra vires. The court then, however, further held that the Company owned the bridges and the beach and was responsible for their maintenance. The issue of property ownership was not raised before the circuit court or by exception on appeal and should not have been decided by the Court of Appeals. Accordingly, the portion of the Court of Appeal's opinion relating to this issue is vacated and the case is
Affirmed as modified.