23144

E. C. M. WALLER and Adelaide Waller, on behalf of themselves and all other similarly situated property owners in the Seabrook Island Development in the County of Charleston, State of South Carolina, Appellants v. SEABROOK ISLAND PROPERTY OWNERS ASSOCIATION, Respondent.

(388 S. E. (2d) 799)

Supreme Court

*J. Randolph Pelzer* of *Pelzer & Associates, P.A.*, Charleston, *for appellants.*

*Wade H. Logan, III*, of *Holmes & Thomson*, Charleston, *for respondent.*

Heard Dec. 6, 1989.

Decided Jan. 22, 1990.

HARWELL, Justice:

This case involves the issue of whether the trial judge erred in failing to certify appellants' action as a class action under Rule 23(a), SCRCP.

## FACTS

At the time the original action was commenced, appellants E. .C. M. Waller and Adelaide Waller were residents of Seabrook Island, a private residential community. Appellants as well as all property owners of Seabrook Island are members of respondent Seabrook Island Property Owners Association (Association). The Association is a corporation with the purpose of preserving the values and amenities of the Seabrook Island development. In order to support the functions of the Association, the bylaws provide that the Board of Directors of the Association have the power to assess an annual maintenance charge on property situated on Seabrook Island.

In April of 1983, the Association elected to impose a special assessment on its members to finance the renourishment of the island's beaches and the repair of several bridges. The amounts assessed were different depending on the location of the property. As to the beach renourishment assessment: (1) beachfront property owners were assessed $2000.00; (2) beachview property owners were assessed $200.00; and (3) all other property owners were assessed $100.00. As to the bridge repair assessment, improved property owners were assessed $124.00 and unimproved property owners were assessed $62.00. Appellants, owners of approved marshfront property, were assessed $224.00. Appellants paid the assessment under protest, arguing it was the responsibility of the beachfront property owners to renourish the beaches. Appellants stated they, as marshfront property owners, did not benefit from the renourishment.

In September of 1983, appellants brought an action against the Association to challenge the validity of the beach and bridge assessment. Both parties moved for summary judgment. Summary judgment was granted to the Association. On appeal, the Court of Appeals reversed the grant of summary judgment, holding the actions of the Association were *ultra vires. Lovering v. Seabrook Island Property Owners Ass'n.,* 289 S. C. 77, 344 S. E. (2d) 862 (Ct. App. 1986); *affirmed as modified, Lovering v. Seabrook Island Property Owners Ass'n.,* 291 S. C. 201, 352 S. E. (2d) 707 (1987).

In February of 1987, appellants moved for certification of a class action pursuant to Rule 23, SCRCP. The trial judge

denied class certification, finding the representatives' claims were not typical of the putative class members and that the proposed representatives would be unable to adequately protect the interests of all class members. The trial judge also found the action was not manageable as a class action. The appeal from this ruling was dismissed as interlocutory. A non-jury trial was held in April of 1988 resulting in a judgment for appellants. Appellants now appeal from the denial of class certification arguing they will be able to adequately protect the interests of all class members pursuant to Rule 23(a)(4). Appellants also argue their claims are typical of the putative class members pursuant to Rule 23(a)(3) and that the action is manageable as a class action.

## DISCUSSION

Rule 23(a), SCRCP, which is drawn principally from Rule 23(a), FRCP, states:

> One or more members of a class may sue or be sued as representative parties on behalf of all only if the court finds (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, (4) the representative parties will fairly and adequately protect the interests of the class, and (5) in cases in which the relief primarily sought is not injunctive or declaratory with respect to the class as a whole, the amount in controversy exceeds one hundred dollars for each member of the class.

Proponents of the class certification have the burden of proving these prerequisites of class certification have been met. *Windham v. American Brands, Inc.*, 565 F. (2d) 59 (4th Cir. 1977), *cert. denied*, 435 U. S. 968, 98 S. Ct. 1605, 56 L. Ed. (2d) 58 (1978). It is imperative the court apply a rigorous analysis to assure the prerequisites of Rule 23(a) have been satisfied. *General Telephone Co. of Southwest v. Falcon*, 457 U. S. 147, 102 S. Ct. 2364, 72 L. Ed. (2d) 740 (1982). The failure of the proponents to satisfy any one of the prerequisites is fatal to class certification. *Tolbert v. Daniel Const.*

*Co.*, 332 F. Supp. 772 (D.S.C. 1971). Additionally, a trial judge's ruling on whether an action is properly maintainable as a class action is within his discretion. *Cross v. National Trust Life Ins. Co.*, 553 F. (2d) 1026 (6th Cir. 1977).

In determining whether a particular named plaintiff will adequately represent a proposed class pursuant to Rule 23(a)(4) one factor we must consider is whether the named plaintiff has interests that are antagonistic or adverse to those of the rest of the class. *Runion v. U.S. Shelter*, 98 F.R.D. 313 (D.S.C. 1983) (case sets forth all criteria to be considered in determining whether a particular named plaintiff will adequately represent a proposed class). If so, that plaintiff will not be considered an adequate representative of the class. The kind of antagonism that will defeat the maintenance of a class action is the kind which relates to the subject matter in controversy, as when the named representative has a claim which conflicts with the economic interests of the class. *Sperry Rand Corp. v. Lawson*, 554 F. (2d) 868 (8th Cir. 1977). The issue of whether a named plaintiff will adequate protect the interests of the class members is a question of fact which depends upon the circumstances of each case. *McGowan v. Faulkner Concrete Pipe Co.*, 659 F. (2d) 554 (5th Cir. 1981).

The fact that a proposed class representative is a property owner in a large or highly populated development does not, in and of itself, qualify him to bring a class action on behalf of the remaining property owners. *Graham v. Develoment Specialists, Inc.*, 180 Ga. App. 758, 350 S. E. (2d) 294 (1986). Appellants must demonstrate they have no interest antagonistic to or in conflict with the interests of the unnamed members of the class such that they are fairly and adequately able to protect the interests of the purported class. *Sullivan v. Winn-Dixie Greenville, Inc.*, 62 F.R.D. 370 (D.S.C. 1974).

Paragraph 13 of appellants' complaint states:

> The special assessment to pay for beach renourishment further was invalid under the protective covenants in that it was not for the mutual benefit of the property owners, *but the primary benefit of the Defendant Seabrook Island Company and other front beach lot owners* . . . (emphasis added).

This allegation reveals that appellants who are marshfront property owners, have interests which are adverse and antagonistic to beachfront property owners. Beachfront property owners who would directly benefit from the assessment would most certainly find this action repugnant to their interests. Consequently, appellants would be inadequate representatives of the putative class of all property owners. As previously discussed, the failure to meet any one prerequisite of Rule 23(a) is fatal to the certification of a class. Because under the facts of this case the trial judge did not err in finding appellants' interests are adverse and antagonistic to those of the putative class under Rule 23(a)(4), we affirm his denial of class certification and need not address the typicality requirement of Rule 23(a)(3) or whether the action was properly manageable as a class action.

Affirmed.

GREGORY, C. J., and CHANDLER, FINNEY and TOAL, JJ., concur.