484 S.E.2d 471

**Mary DAVIS, individually and for the benefit and on behalf of all others similarly situated, Plaintiffs,**

v.

**NATIONSCREDIT FINANCIAL SERVICES CORPORATION, and NationsBank Corporation, Defendants.**

No. 24602.

Supreme Court of South Carolina.

Heard Nov. 21, 1996.

Decided April 14, 1997.

Gene M. Connell, Jr., of Kelaher, Connell & Connor, P.C., Surfside Beach, for Plaintiffs.

John T. Moore, Susan P. MacDonald, and C. Mitchell Brown, all of Nelson, Mullins, Riley & Scarborough, L.L.P., Columbia, for Defendants.

MOORE, Justice:

This matter is before the Court on certification from the United States District Court to answer three questions regarding provisions of the South Carolina Consumer Protection Code.

## FACTS

This action arises out of a mortgage loan transaction in which Plaintiff Mary Davis ("Davis") contends Defendants NationsCredit Financial Services Corporation and Nations-Bank Corporation (collectively "Lender") failed to follow several provisions of the South Carolina Consumer Protection Code, particularly S.C.Code Ann. § 37–10–102 (1989). Davis attempts to bring this matter as a class action.

Davis and Lender entered into a mortgage loan transaction in May 1994 in which Davis sought and received financing from Lender to consolidate various consumer debts. In connection with Lender's loan of approximately $20,000, Davis provided Lender with a mortgage on her Columbia, South Carolina residence. Davis received an attorney and hazard insurance preference statement contemporaneously with her credit application, but the statement was on a separate piece of paper and was not part of, or included on, the first page of the credit application. In providing Plaintiff with a preference statement contained in a separate document, Lender relied on Administrative Interpretation 10.102(a)–8302, issued by the South Carolina Department of Consumer Affairs on October 11, 1983.

## CERTIFIED QUESTIONS

1. In a loan secured by real estate and obtained by a borrower primarily for personal, family, or household purposes, is it a violation of S.C.Code Ann. § 37–10–102 for a lender to use a separate piece of paper to ascertain a borrower's preferences of legal counsel and hazard insurance, rather than including a preference statement on the first page of the credit application?

2. If using a separate piece of paper to ascertain a borrower's preference of legal counsel and hazard insurance is a violation of S.C.Code Ann. § 37–10–102, does S.C.Code Ann. § 37–6–506(3) prevent the imposition of penalties, assuming that the practice conforms with Administrative Interpretation No. 10.102(a)–8302?

3. Does S.C.Code Ann. § 37–6–506(3) prevent the imposition of penalties for a violation of S.C.Code Ann. § 37–10–102 even though penalties are specifically provided for in other

provisions of the Code, e.g., S.C.Code Ann. § 37–10–105 and 37–5–202?

## DISCUSSION

Section 37–10–102 states in relevant part:

Whenever the primary purpose of a loan that is secured in whole or in part by a lien on real estate is for a personal, family or household purpose ... [t]he creditor must ascertain the preference of the borrower as to the legal counsel that is employed to represent the debtor in all matters of the transaction relating to the closing of the transaction and ... the insurance agent to furnish required hazard and flood property insurance in connection with the mortgage and comply with such preference, and the credit application on the first page thereof must contain information as is necessary to ascertain these preferences of the borrower.[1]

Davis argues that it is a violation of section 37–10–102 for a lender to use a separate piece of paper to ascertain a borrower's preferences of legal counsel and hazard insurance, rather than including a preference statement on the first page of the credit application. We disagree.

When interpreting a statute, the Supreme Court's primary function is to ascertain the intention of the Legislature. *Plow-*

---

1. Section 37–10–102 has been amended by 1996 S.C. Acts No. 355, § 1 and states in relevant part:

The creditor must ascertain prior to closing the preference of the borrower as to the legal counsel that is employed to represent the debtor in all matters of the transaction relating to the closing and ... the insurance agent to furnish required hazard and flood property insurance in connection with the mortgage and comply with such preference.

The creditor may comply with this section by:

(1) including the preference information on or with the credit application so that this information shall be provided on a form substantially similar to a form distributed by the administrator; or

(2) providing written notice to the borrower of the preference information with the notice being delivered or mailed no later than three business days after the application is received or prepared. If a creditor uses a preference notice form substantially similar to a form distributed by the administrator, the form is in compliance with this section.

*man v. Bagnal,* 316 S.C. 283, 450 S.E.2d 36 (1994). A statutory provision should be given a reasonable construction consistent with the purpose and policy expressed in the statute. *Jackson v. Charleston County Sch. Dist.,* 316 S.C. 177, 447 S.E.2d 859 (1994). Section 37-1-102, which sets forth the purposes of the South Carolina Consumer Protection Code, declares that it shall be liberally construed and applied to promote its underlying purposes and policies. S.C.Code Ann. § 37-1-102(1) (1989). One of the primary purposes of the Consumer Protection Code is to "protect consumer buyers, lessees, and borrowers against unfair practices by some suppliers of consumer credit, having due regard for the interests of legitimate and scrupulous creditors." S.C.Code Ann. § 37-1-102(2)(d).

We find that the intention of the Legislature in crafting section 37-10-102 was to protect borrowers by requiring in the credit application clear and prominent disclosure of the information necessary to ascertain the borrower's preference as to the legal counsel employed to represent the debtor in all matters relating to the closing of the transaction, and the borrower's preference as to the insurance agent to furnish required hazard and flood property insurance in connection with the mortgage. Although a lender technically deviates from the literal language of section 37-10-102 by not ascertaining the attorney and insurance agent preferences through information contained on the first page of the application, we conclude that a lender substantially complies with section 37-10-102 if the borrower receives a clear and prominent disclosure of the statutorily required information. *See Jordan v. Tadlock,* 223 S.C. 326, 75 S.E.2d 691 (1953) (substantial compliance with statute was sufficient).

It would elevate form over substance to hold to the contrary. The facts certified to us declare that Davis received an attorney and hazard insurance preference statement "contemporaneously with her credit application." Although not part of the record, a copy of the statement indicating her preferences in this transaction has been included by Davis herself as an appendix to her brief. Thus, we find that the purpose of the statute—clear and prominent disclosure of the information

necessary to ascertain the relevant preferences—has been satisfied.

The approach of not elevating form over substance in consumer protection cases has its basis in our decision in *General Motors Acceptance Corporation v. McMinn*, 285 S.C. 67, 328 S.E.2d 472 (1985). In *McMinn*, this Court considered whether a lender had complied with the Federal Truth in Lending Act, 15 U.S.C. § 1601 *et seq.*, the purpose of which is to assure meaningful disclosure of credit terms so that the consumer can shop for credit on an informed basis. *See Tuloka Affiliates, Inc. v. Moore*, 275 S.C. 199, 268 S.E.2d 293 (1980). The particular issue addressed in the case was whether GMAC had violated Federal Reserve Regulation Z by failing to print the terms "finance charge" and "annual percentage rate" more conspicuously. In finding that the terms were conspicuous and within the provisions of Regulation Z, we adopted the following language in *McMinn*:

> In order to avoid such misuse of the Truth in Lending Act, this court will strongly construe its provisions against borrowers who were not misled by a lender's disclosure but merely seek a penalty for finding a technical problem with the loan form which could not have conceivably influenced his choice of credit.

*McMinn*, 285 S.C. at 70, 328 S.E.2d at 474. Thus, we find that it is not a violation of S.C.Code Ann. § 37–10–102 for a lender to use a separate piece of paper to ascertain a borrower's preferences of legal counsel and hazard insurance, rather than including a preference statement on the first page of the credit application.

Because we have answered the first certified question in the negative, we need not answer the latter two questions.

**CERTIFIED QUESTIONS ANSWERED.**

FINNEY, C.J., WALLER, A.J., and Acting Associate Justices L. CASEY MANNING and L. HENRY McKELLAR, concur.