**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

## THE STATE OF SOUTH CAROLINA
### In The Court of Appeals

Stephanie A. Smith, on behalf of herself and all others similarly situated, Appellant,

v.

Progressive Halcyon Insurance Company, n/k/a Progressive Direct Insurance Co., Progressive Max, and Progressive Casualty Insurance, Respondents.

Appellate Case No. 2013-002133

———————————

Appeal From Horry County
Larry B. Hyman, Jr., Circuit Court Judge

———————————

Unpublished Opinion No. 2015-UP-392
Heard June 2, 2015 – Filed August 5, 2015

———————————

**AFFIRMED IN PART AND VACATED IN PART**

———————————

Natale Fata, of Nate Fata, PA, of Surfside Beach, and Charles Vance Leonard, of Harris & Leonard, PA, of Myrtle Beach, for Appellant.

Andrew Preston Brittain and Thomas C. Brittain, both of The Brittain Law Firm, PA, of Myrtle Beach; Zachary A. McEntyre and Jeffrey S. Cashdan, both of King & Spalding, LLP, of Atlanta, GA, for Respondents.

**PER CURIAM:** Stephanie A. Smith filed this action on behalf of herself and all others similarly situated against Progressive Halcyon Insurance Company, n/k/a Progressive Direct Insurance Co., Progressive Max, and Progressive Casualty Insurance (collectively, Progressive). In her complaint, Smith requested a declaratory judgment that Progressive's practices regarding medical payments coverage (med pay) and personal injury protection violated state law and Progressive's own procedures. She also asserted causes of action for breach of contract, unjust enrichment, bad faith for failure to pay insurance proceeds, unfair claims practices, and tortious interference with contracts.

After the parties had engaged in extensive discovery, Smith moved for class certification. Shortly thereafter, Progressive moved for summary judgment. The circuit court issued an order certifying the class. The court defined the class as follows:

> All insureds of Progressive Halcyon Insurance Company n/k/a Progressive Direct[] Co., Progressive Max, and Progressive Casualty who (1) submitted claims to any of the Progressive Insurance Companies, including Progressive Casualty, under the med pay provision of the respective South Carolina policies during the time period of November 8, 2007 to the date of this Order, and (2) whose claims were adjusted by Progressive Casualty, and (3) who did not receive payment in the amount of their medical bills, and (4) whose med pay policy limits were not exceeded.

Progressive moved for reconsideration of this order. While the motion was pending, Smith offered to narrow the proposed class by including as an additional qualifier that each member's "file or claim contains documentation or reference to health insurance." Following a hearing on Progressive's motion, the circuit court issued an order in which it vacated its prior order granting class certification. In decertifying the class, the circuit court found (1) Smith had no viable individual claim and (2) Smith failed to satisfy her burden to show she could adequately represent the class, either as the class was defined in the prior order or as it was defined in Smith's proposed revision.

The circuit court denied a motion by Smith for reconsideration and to alter or amend the order denying class certification, and Smith appealed. As of the date this court heard oral argument in the matter, the circuit court had not ruled on Progressive's summary judgment motion. We vacate the finding that Smith had no viable claim and affirm the finding that Smith could not adequately represent the proposed class.

1. We agree with Progressive that "[t]he general rule . . . is that class certification orders are not immediately appealable." *Salmonsen v. CGD, Inc.*, 377 S.C. 442, 448, 661 S.E.2d 81, 85 (2008). However, even though Progressive's summary judgment motion is still pending, we hold the effect of the circuit court's finding that Smith lacked a viable claim warrants our taking jurisdiction of this appeal. *See* S.C. Code Ann. § 14-3-330(2) (1976) (stating the appellate court "shall review upon appeal . . . [a]n order affecting a substantial right made in an action when such order (a) in effect . . . discontinues the action"); *Morrow v. Fundamental Long-Term Care Holdings, LLC*, Op. No. 27532 (S.C. Sup. Ct. filed June 17, 2015) (Shearouse Adv. Sh. No. 23 at 24, 29) ("'[A]n appellate court should look to the effect of an interlocutory order to determine its appealability.'" (alteration by court) (quoting *Thornton v. S.C. Elec. & Gas Corp.*, 391 S.C. 297, 304, 705 S.E.2d 475, 479 (Ct. App. 2011))); *Eldridge v. City of Greenwood*, 308 S.C. 125, 127, 417 S.E.2d 532, 534 (1992) (stating orders under Rule 23, SCRCP are generally considered interlocutory but acknowledging such orders may be immediately appealable "in certain circumstances"). Because of the presence of an immediately appealable issue, we also address Smith's challenge to the finding that she failed to show she could adequately represent the proposed class. *See Salmonsen*, 377 S.C. at 449, 661 S.E.2d at 85 ("[The appellate court] has reviewed interlocutory orders involving class certification when they contain other appealable issues.").

2. "A court may not look to the merits when determining whether to certify a class." *Tilley v. Pacesetter Corp.*, 333 S.C. 33, 43, 508 S.E.2d 16, 21 (1998). We are aware our supreme court, when stating this proposition in *Tilley*, cited as supporting authority a decision in which the United States District Court of New Jersey further stated that "it is appropriate for the court to look at the allegations of the complaint only enough to determine whether the cause of action may survive a motion to dismiss." *Curley v. Cumberland Farms Dairy, Inc.*, 728 F. Supp. 1123, 1129 (D.N.J. 1989). In the case before us, however, the circuit court went beyond considering whether the allegations in the complaint could survive a motion to dismiss. Instead, the court discussed how Progressive determined it was entitled to deduct from its payment to Smith the difference between "the amounts [Smith's]

medical providers originally billed for their services and the amount [Smith's health insurer] actually paid, pursuant to its third-party contracts with the medical providers," explaining that Progressive's adjuster "deducted this amount because she determined that because neither [Smith] nor [Smith's health insurer] actually paid those amounts, they were not expenses that [Smith] had 'incurred.'" The court proceeded to explain at length "Progressive's Med-Pay Adjustment Methodology," which included the use of specialized software to audit the expenses as well as review of the audit by an adjuster, who approves the amount to be reimbursed, reaching the conclusion that "[u]nder South Carolina Law and the plain language of the Policy, . . . [Smith] did not 'incur' expenses that her medical providers billed that her health insurer did not actually pay." Therefore, even though the finding that Smith had no viable claim was made to support the circuit court's decision to decertify the class, we vacate this finding because it involved an analysis of the merits of the lawsuit.

3. The circuit court cited the finding that Smith did not have a viable individual claim as one of the reasons to support its determination that she failed to fairly and adequately represent the members of either the class the circuit court previously certified or the class Smith proposed in her revised definition. The circuit court, however, also determined there were additional grounds to decertify the class regardless of whether Smith's claim was viable. These independent grounds included findings Smith could not establish commonality or typicality because the class, even as narrowed according to Smith's proposed revision, could include insureds who, unlike Smith, were allegedly paid less than the total amounts their medical providers billed because Progressive, pursuant to terms in its policies to pay reasonable expenses incurred for necessary medical services, determined the billed amounts were not "reasonable" or the services provided were not "necessary." In other words, the court emphasized that adjustments to payments for these insureds may not have resulted from a determination by Progressive that the expenses for which reimbursements were sought were not "incurred." The possibility that the class includes claimants whose payments were adjusted for reasons other than a determination by Progressive that their medical expenses were not "incurred" could impact not only the issue of damages but also the question of whether Progressive is liable at all to these members. Therefore, given our standard of review, we affirm the circuit court's decision to decertify the class. *See King v. Am. Gen. Fin., Inc.*, 386 S.C. 82, 88, 687 S.E.2d 321, 324 (2009) ("It is within a trial court's discretion whether a class should be certified."); *Gardner v. S.C. Dep't of Revenue*, 353 S.C. 1, 21, 577 S.E.2d 190, 200 (2003) ("We generally defer to the trial court's discretion in granting class certification absent an error of

law."); *id.* ("[F]ailure to satisfy even one prerequisite is fatal to class certification . . . ."); *Tilley*, 333 S.C. at 42, 508 S.E.2d at 21 ("A trial judge's ruling on whether an action is properly maintainable as a class action is within his discretion."); *Waller v. Seabrook Island Prop. Owners Ass'n*, 300 S.C. 465, 468, 388 S.E.2d 799, 801 (1990) (citing the same standard when affirming the denial of class certification). In affirming the decision to decertify the class based on Smith's failure to establish commonality and typicality, we emphasize our ruling is based on facts presented in this appeal and does not prevent the circuit court from revisiting the issue of class certification based on further developments in the case. *See Salmonsen*, 377 S.C. at 454, 661 S.E.2d at 88 ("[C]lass certification may be altered at any time prior to a decision on the merits.").

**AFFIRMED IN PART AND VACATED IN PART.**

**THOMAS, KONDUROS, and GEATHERS, JJ., concur.**