THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

R. H. Moore Company, Inc., Respondent,

v.

Knight's Precast, Inc., Tobias & West, LLC, Eric W. Tobias, P.E., Dorchester County Water and Sewer Department, Underground Solutions, Inc., B.P. Barber and Associates, Inc. n/k/a URS Corporation, and Utility Services Authority, LLC, Defendants,

Of which Underground Solutions, Inc. is the Appellant.

Appellate Case No. 2015-002198

———————

Appeal From Dorchester County
Diane Schafer Goodstein, Circuit Court Judge

———————

Unpublished Opinion No. 2018-UP-001
Heard November 14, 2017 – Filed January 3, 2018

———————

**AFFIRMED IN PART AND REVERSED IN PART**

———————

Franklin J. Smith, Jr. and Carmen Vaughn Ganjehsani, both of Richardson Plowden & Robinson, PA, of Columbia, for Appellant.

Michael Brent McDonald and Walter Henry Bundy, Jr., both of Bundy McDonald, LLC, of Summerville, for Respondent.

---

**PER CURIAM:** This case involves a business dispute between a general contractor, R.H. Moore Company, Inc. (R.H. Moore), and a supplier, Underground Solutions (Supplier). The circuit court granted summary judgment in favor of R.H. Moore with regard to Supplier's counterclaim for unjust enrichment and affirmative defense of recoupment. We affirm in part and reverse in part pursuant to Rule 220, SCACR and the following authorities:

1. As to Supplier's counterclaim for unjust enrichment, we affirm: Rule 56(c), SCRCP (indicating summary judgment is appropriate when "there is no genuine issue as to any material fact and . . . the moving party is entitled to a judgment as a matter of law"); *Fleming v. Rose*, 350 S.C. 488, 493-94, 567 S.E.2d 857, 860 (2002) ("When determining if any triable issues of fact exist, the evidence and all reasonable inferences must be viewed in the light most favorable to the non-moving party."); *Dema v. Tenet Physician Servs.-Hilton Head, Inc.*, 383 S.C. 115, 123, 678 S.E.2d 430, 434 (2009) ("A party may be unjustly enriched when it has and retains benefits or money which in justice and equity belong to another."); *Sauner v. Pub. Serv. Auth. of S.C.*, 354 S.C. 397, 409, 581 S.E.2d 161, 167 (2003) ("Restitution is a remedy designed to prevent unjust enrichment."); *id.* ("To recover on a theory of restitution, the plaintiff must show (1) that he conferred a [nongratuitous] benefit on the defendant; (2) that the defendant realized some value from the benefit; and (3) that it would be inequitable for the defendant to retain the benefit without paying the plaintiff for its value."); *Niggel Assocs., Inc. v. Polo's of N. Myrtle Beach, Inc.*, 296 S.C. 530, 532-33, 374 S.E.2d 507, 509 (Ct. App. 1988) ("For restitution to be warranted, the plaintiff must confer the benefit nongratuitously: that is, it must either be (1) at the defendant's request or (2) in circumstances where the plaintiff reasonably relies on the defendant to pay for the benefit and the defendant understands or ought to understand that the plaintiff expects compensation and looks to him for payment.").

2. As to Supplier's affirmative defense of recoupment, we affirm the grant of summary judgment relating to the 1,900-foot section of replacement pipe and reverse the grant of summary judgment as to the 300-foot section of replacement pipe: *Tuloka Affiliates, Inc. v. Moore*, 275 S.C. 199, 202, 268 S.E.2d 293, 295 (1980) ("A recoupment . . . reduces the plaintiff's claim; it does not allow recovery of an affirmative money judgment for any excess over that claim."); *id.* at 202, 268

S.E.2d at 295 (stating recoupment permits the defendant "to cut down or diminish the claim of the plaintiff in consequence of his failure to comply with some provision of the contract sought to be enforced, or because he has violated some duty imposed upon him by law in the making or performance of that contract." (quoting *Mullins Hosp. v. Squires*, 233 S.C. 186, 197, 104 S.E.2d 161, 166 (1958), *overruled on other grounds by McCall by Andrews v. Batson*, 285 S.C. 243, 329 S.E.2d 741 (1985))); 80 C.J.S. *Set-off and Counterclaim* § 2 (1953) ("Recoupment is a common-law, equitable doctrine that permits a defendant to assert a defensive claim aimed at reducing the amount of damages recoverable by a plaintiff. It allows a court to look at the whole contract, sum up the grievances on each side, strike a balance, and give plaintiff judgment for only such difference as may be found in his favor.").

**AFFIRMED IN PART AND REVERSED IN PART.**

**SHORT, KONDUROS, and GEATHERS, JJ., concur.**