### 21685

The STATE, Respondent, v. Lewis ETHERAGE, Appellant.

(290 S. E. (2d) 413)

*Appellate Defender John L. Sweeny* and *Asst. Appellate Defender Kathy D. Lindsay, of S. C. Commission of Appellate Defense,* Columbia, *for appellant.*

*Atty. Gen. Daniel R. McLeod, Asst. Atty. Gen. Lindy P. Funkhouser* and *State's Atty. Harold M. Coombs, Jr.,* Columbia, and *Asst. Sol. Harry B. Burchstead, Jr.,* Sumter, *for respondent.*

April 6, 1982.

*Per Curiam:*

Appellant was convicted under S. C. Code Section 16-5-50 (1976) of hindering an officer in the course of making an arrest. He was sentenced to three (3) months' imprisonment.

A deputy sheriff was in the process of citing and arresting appellant's brother for driving without a license when appellant, a passenger in the car, began cursing and threatening the officer. The deputy testified that although no physical contact was made, appellant did interfere with his interview of the subject of the arrest.

Appellant argues that the abusive language he directed toward the arresting officer is insufficient to support a conviction under Section 16-5-50. Where defendants are not discourteous, loud or boisterous in any way, no violation of a city ordinance containing language similar to Section 16-5-50 has been found. *City of Charleston v. Mitchell,* 239 S. C. 376, 123 S. E. (2d) 512 (1961) reversed on other grounds 378 U. S. 551, 84 S. Ct. 1901, 12 L. Ed 2d 1033 (1964). The Court in *Mitchell* cited *State v. Estes,* 185 N. C. 752, 117 S. E. 581, 583 (1923), which defined "obstruction" as direct or indirect opposition. Under *Estes,* an officer can be hindered by language intended to put him in fear, intimidate or impede him in the discharge of his official duties.

Here, appellant cursed the officer, called him names and threatened to beat him, all during the course of the arrest of appellant's brother. We find this conduct constitutes obstruction or hindrance of an officer as proscribed by Section 16-5-50.

Accordingly, we affirm appellant's conviction.