23496

SOUTH CAROLINA COASTAL COUNCIL and John C. Hayes, III, in his representative capacity as Chairman of the South Carolina Coastal Council, Petitioners v. SOUTH CAROLINA STATE ETHICS COMMISSION, Respondent.

(410 S.E. (2d) 245)

Supreme Court

*C.C. Harness, III, General Counsel* of *South Carolina Coastal Council*, Charleston, *for petitioners.*

*Charles E. Carpenter, Jr.*, of *Richardson, Plowden, Grier & Howser*, Columbia, *for respondent.*

Heard June 12, 1991.

Decided Oct. 14, 1991.

HARWELL, Justice:

Petitioners South Carolina Coastal Council and John C. Hayes, III, Chairman of Coastal Council, petitioned this Court to exercise its original jurisdiction in this matter to determine whether S.C. Code Ann. § 8-13-450 (1986) of the State Ethics Law applies to the membership of Coastal Council. We granted petitioners' motion pursuant to Rule 229, SCACR. We find that this provision does not apply to the membership of Coastal Council.

## DISCUSSION

Section 8-13-450 of the State Ethics Act provides in pertinent part that "no person shall serve as a member of a government regulatory agency that regulates any business with which that person is associated." The dispositive question in this case is whether Coastal Council "regulates any business." Respondent South Carolina Ethics Commission contends that Coastal Council regulates a variety of businesses and that anyone associated with any of these businesses is prohibited, by Section 8-13-450, from being a member of Coastal Council. Coastal Council, on the other hand, contends that it does not regulate any business, but regulates the environment, and that it is not prohibited from having members who may be associated with a business affected by Coastal Council's regulation of the environment. In order to determine whether Coastal Council "regulates any business," we must examine the regulatory duties of Coastal Council.

Coastal Council was created by the South Carolina Coastal Management Act of 1977 (Act), codified at S.C. Code Ann. § 48-39-10 *et seq.* (1987). The Coastal Council was created to implement the legislatively declared State policy "to protect the quality of the coastal environment and to promote the economic and social improvement of the coastal zone and of all the people of the State." S.C. Code Ann. § 48-39-30 (1987). In order to implement this policy, the Act requires Coastal Council to develop "a comprehensive coastal management program," and gives Coastal Council "the responsibility for enforcing and administering the program. . . ." S.C. Code Ann. § 48-39-80 (1987). The Act further provides that, in developing

the program, Coastal Council shall provide a regulatory system for the "critical area" environment, which includes coastal waters, tidelands, beaches, and the beach/dune system, and shall develop a system to review, and certify or deny, all State and federal permits for activities within the coastal zone. *Id.*

Pursuant to the Act, Coastal Council promulgated rules and regulations which establish a permitting process, general guidelines for all critical areas, and specific project standards for projects in the critical areas. Under the regulations, any person wishing to alter a critical area must receive a permit from Coastal Council.[1] 23 S.C. Code Ann. Reg. 30-2 (1976). The regulations provide general guidelines that Coastal Council will follow in deciding whether to issue a permit for a project in a critical area. 23 S.C. Code Ann. Reg. 30-11 (1976). In addition, the regulations provide standards for certain projects in the critical areas, including: the construction of docks, piers, boat ramps, and bulkheads; the installation of cables, pipelines, and transmission lines; the location and design of marinas; the location and design of transportation projects; the creation and maintenance of navigation channels and access canals; and the disposal of dredged material. 23 S.C. Code Ann. Reg. 30-12 (1976). By regulating activities that take place in the critical areas, Coastal Council affects innumerable businesses, such as marinas, developers, hotels, seafood processors, and dredging companies. In fact, Coastal Council's regulatory authority affects almost every industry or business that operates in the coastal zone.[2]

The Ethics Commission asserts that any business which is affected by Coastal Council's regulation of the coastal zone is, in fact, regulated by Coastal Council, and that any person associated with such a business cannot serve as a member of Coastal Council under Section 8-13-450. We disagree.

The State Ethics Law does not define the term "governmental agency that regulates any business." However, in deciding whether Section 8-13-450 applies to other state agencies, the Ethics Commission has determined that an agency regulates a business if it "has authority to pro-

---

[1] There are a few exceptions that do not require a permit. *See* 23 S.C. Code Ann. Reg. 30-5 (1976).

[2] Coastal Council's regulatory authority also affects all property owners with land abutting coastal waters or wetlands.

mulgate rules or regulations or administer legislatively enacted rules and regulations that govern or direct entry into a business, conditions for remaining in that business, and the manner in which the business may be conducted." Ethics Opinion No. 79-018, October 5, 1978.[3] Under the Ethics Commission's own definition, we think it is clear that Coastal Council is not a "governmental agency that regulates any business."

After reviewing the Act, which defines Coastal Council's regulatory duties, and after examining Coastal Council's regulations, we conclude that Coastal Council regulates the preservation and utilization of coastal resources. Coastal Council's regulations are aimed at mitigating environmental loss by assuring that projects are compatible with the environment. Unquestionably, Coastal Council's regulation of the critical areas affects any business which undertakes a project in the coastal zone. However, Coastal Council regulates the use of critical areas by a business and not the way in which a business is operated. Although Coastal Council may incidentally affect various aspects of a business, it does not specifically regulate any particular business.

Furthermore, even if we disregard the Ethics Commission's definition, we would still conclude that Coastal Council does not regulate any business. As we noted above, we find that the provisions of the Act demonstrate that Coastal Council was created to regulate the environment rather than any business. In addition, we find that the Ethics Commission's reading of Section 8-13-450 does not comport with general principles of statutory interpretation. The interpretation of a term set forth in a statute should support the statute and should not lead to an absurd result. *Hamm v. S.C. P.S.C.*, 287 S.C. 180, 336 S.E. (2d) 470 (1985). Further, in interpreting a statute, one does not look merely at a particular clause in which a word may be used, but rather looks at the word and its meaning in conjunction with the purpose of the whole statute, and in light of the object and policy of the law.

---

[3] The Ethics Commission has utilized this definition in at least seven instances to determine whether various state agencies were subject to the provisions of Section 8-13-450. *See* Ethics Op. No. 79-018, October 5, 1978; Ethics Op. No. 79-067, June 21, 1979; Ethics Op. No. 81-040, March 17, 1981; Ethics Op. No. 82-029, March 16, 1982; Ethics Op. No. 85-024, January 16, 1985; Ethics Op. No. 91-024, October 17, 1990.

*Spartanburg Sanitary Sewer District v. City of Spartanburg,* 283 S.C. 67, 321 S.E. (2d) 258 (1984).

The object of Section 8-13-450 is to prevent a person connected with a specific business from serving as a member of an agency which regulates that business. However, since Coastal Council does not regulate any specific business, but merely regulates the coastal environment, which incidentally affects innumerable businesses, it would be absurd to interpret Section 8-13-450 as prohibiting any person from serving on the Coastal Council who is associated with a business affected by Coastal Council. Such an interpretation would needlessly prohibit many qualified persons from serving on Coastal Council, when in actuality these persons might only occasionally have a conflict of interest with a business affected by the activity of Coastal Council.

Furthermore, in those instances in which a conflict of interest does arise, the State Ethics Act provides adequate safeguards to protect against a member's involvement in a case in which he has an interest. S.C. Code Ann. § 8-13-460 (1986) provides that a public official who is required to take action or make a decision "which would substantially affect directly his personal financial interest or those of a member of his household, or a business with which he is associated," must comply with the following procedure: he must provide a "written statement describing the manner requiring action or decisions, and the nature of his potential conflict of interest," to the presiding officer and to members of the agency; the statement must be printed in the minutes; and the member must be excused from any votes, deliberations, and other actions on the matter.

S.C. Code Ann. § 8-13-500(3) (1986) also provides that:

> It shall be a breach of ethical standards for a business, in which a public employee or public official has a financial interest, knowingly to act as a principal or as an agent for anyone other than the State or other governmental entity with which he is associated in connection with any contract, claim or controversy, or any judicial proceeding in which the public employee or public official either participates personally and substantially through decision, approval, disapproval, recommendation, the ren-

dering of advice, investigation, or otherwise, or which is the subject of the official's or employee's official responsibility, where the State or governmental entity is a party or has a direct and substantial interest.

Finally, S.C. Code Ann. § 8-13-510 (1986) provides remedies for breaches of the ethical standards; the Ethics Commission can impose an oral or written warning or reprimand, or can terminate the public official's association with the governmental entity. *See also* S.C. Code Ann. § 8-13-530 (1986) (the value of anything received in breach of the ethical standards can be recovered from the public official).

In sum, we hold that Section 8-13-450 is inapplicable to Coastal Council to the extent that it prohibits a person from serving as a member of Coastal Council when the person is merely associated with one of the many businesses affected by Coastal Council's regulation of the environment. To the extent that a member does have a conflict of interest, we find that the provisions of the State Ethics Law provide adequate procedures for avoiding the conflict of interest and for remedying any breach of ethical conduct.

GREGORY, C.J., and CHANDLER, FINNEY and TOAL, JJ., concur.