23598

Edward HIGGINS, Respondent v. STATE of South Carolina, Petitioner.

(415 S.E. (2d) 799)

Supreme Court

*Attorney Gen. T. Travis Medlock, Chief Deputy Atty. Gen. Donald J. Zelenka,* and *Asst. Atty. Gen. Delbert H. Singleton, Jr.,* Columbia, *for petitioner.*

*Assistant Appellate Defender Robert M. Pachak* of *South Carolina Office of Appellate Defense,* Columbia, *for respondent.*

Submitted Jan. 22, 1992.

Decided Mar. 16, 1992.

HARWELL, Chief Justice:

We granted petitioner State of South Carolina's application for writ of certiorari to review the postconviction relief (PCR) judge's determination that respondent Edward Higgins received an illegal sentence. We reverse.

## I. FACTS

A jury found respondent guilty of malicious injury to personal property. He was sentenced to the maximum term of ten years imprisonment, suspended upon service of eight years with probation for five years and restitution to the victim in the amount of $1,525.00. After incarceration, respondent sought PCR, alleging, among other things, that he was unlawfully in custody because the sentence imposed by the trial judge was illegal. Respondent contended that S.C. Code Ann. § 17-25-125 (1976)[1] prohibited the trial judge from both

---

[1]S.C. Code Ann. § 17-25-125 (1976) provides in part:

Notwithstanding any other provision of law, in every case in which a person is sentenced for a crime involving the unlawful taking or receiving of or malicious injury to another's property and the judge sentences such person less than the maximum sentence prescribed by law, a portion of such sentence may be suspended and the defendant placed on probation if he makes restitution to the victim in an amount equal to the monetary loss sustained by the victim as determined by the judge. . . .

imposing the maximum sentence and requiring respondent to pay restitution as a condition of suspension and probation. The PCR judge agreed and granted respondent a resentencing proceeding.

## II. DISCUSSION

Initially, we note that we disagree with the PCR judge's interpretation of section 17-25-125. Section 17-25-125 mandates that a trial judge must order a defendant to make restitution to the victim as a condition of suspension and probation in those instances where the trial judge imposes *less* than the maximum sentence for malicious injury to property. Section 17-25-125 is silent, however, as to conditions of suspension and probation when a trial judge imposes the maximum sentence for malicious injury to property. Therefore, we must turn to other statutory provisions to determine whether the trial judge had the authority to order restitution as a condition of suspending respondent's maximum sentence.

S.C. Code Ann. § 24-21-410 (1976) provides that a trial judge may suspend the imposition or execution of a sentence and place a defendant on probation, or impose a fine and place a defendant on probation, for any offense except crimes punishable by death or life imprisonment. S.C. Code Ann. § 16-3-1530(D)(3) (1976) requires a trial judge to "order restitution at every sentencing for a crime against person or property or as a condition of probation or parole, unless the court finds a substantial and compelling reason not to order restitution." Here, the trial judge found that respondent was an able-bodied individual capable of earning sufficient income to make restitution to the victim.

Thus, contrary to the PCR judge's holding, section 17-25-125 did not prohibit the trial judge from both imposing the maximum sentence and ordering respondent to pay restitution as a condition of suspension and probation. We find that the trial judge acted within the powers he derived from sections 16-3-1530(D)(3) and 24-21-410 when he suspended respondent's maximum sentence and ordered respondent to make restitution to the victim.

Rather than disputing the PCR judge's interpretation of section 17-25-125, petitioner asserted that section 16-3-1530(D)(3) implicitly repealed section 17-25-125.

Statutes in apparent conflict should, if reasonably possible, be construed so as to allow both to stand and to give effect to each. *Chris J. Yahnis Coastal, Inc. v. Stroh Brewery Co.*, 295 S.C. 243, 368 S.E. (2d) 64 (1988). In construing statutory language, the statute must be read as a whole, and sections which are part of the same general statutory law must be construed together and each one given effect, if it can be done by any reasonable construction. *Smalls v. Weed*, 293 S.C. 364, 360 S.E. (2d) 531 (Ct. App. 1987). We find that section 16-3-1530(D)(3) complements section 17-25-125 by allowing the trial judge to order restitution when he imposes the maximum sentence.

We will not uphold a PCR judge's findings if there is no evidence of probative value in the record to support those findings. *High v. State*, 300 S.C. 88, 386 S.E. (2d) 463 (1989). The order of the PCR judge holding that respondent received an illegal sentence is

Reversed.

CHANDLER, FINNEY, TOAL and MOORE, JJ., concur.