500 S.E.2d 781

**The STATE, Respondent,**

v.

**Constance ALLS, Appellant.**

No. 24788.

Supreme Court of South Carolina.

Heard April 7, 1998.

Decided May 18, 1998.

Deputy Chief Attorney Joseph L. Savitz, III, and Assistant Appellate Defender Aileen P. Clare, both of South Carolina Office of Appellate Defense, Columbia, for appellant.

Attorney General Charles M. Condon, Deputy Attorney General John W. McIntosh, Assistant Deputy Attorney General Salley W. Elliott, and Senior Assistant Attorney General Charles H. Richardson, Columbia; and Solicitor David P. Schwacke, Charleston, all for respondent.

TOAL, Justice:

Constance Alls appeals her conviction under S.C.Code Ann. § 16–5–50 (1985), arguing that the trial court erred in denying her motion for a directed verdict on the inapplicability of this statute. We agree and reverse.

### FACTUAL/PROCEDURAL BACKGROUND

Two officers came to Alls's home to serve a family court bench warrant on her boyfriend for failure to pay child support. They knocked on her apartment door for some 10 minutes until Alls finally came to the door. She told them that her boyfriend was not there, but allowed them to look in the apartment. The officers found the boyfriend concealing himself in a closet. Alls claimed she did not know he was in the apartment.

The officers arrested Alls and her boyfriend. She was indicted under S.C.Code Ann. § 16–5–50. She was tried, and a jury found her guilty. Alls was sentenced to one year imprisonment and fined $1,000, suspended upon the service of three months and payment of the fine, with probation for one year. She appeals her conviction.

### LAW/ANALYSIS

█ Alls argues the trial court erred in denying her motion for a directed verdict because section 16–5–50 applies only to persons hindering the arrest of an individual charged with an offense against civil rights. We agree.

█ The State indicted Alls under subsections (a) and (d) of S.C.Code Ann. § 16–5–50. The entire title, chapter, and section headings, as well as the text, provide:

### TITLE 16
### CRIMES AND OFFENSES

### CHAPTER 5
### Offenses Against Civil Rights

**§ 16–5–50 Penalty for hindering officers or rescuing prisoners.**

Any person who shall (a) hinder, prevent or obstruct any officer or other person charged with the execution of any

warrant or other process issued under the provisions of this chapter in arresting any person for whose apprehension such warrant or other process may have been issued, (b) rescue or attempt to rescue such person from the custody of the officer or person or persons lawfully assisting him, as aforesaid, (c) aid, abet or assist any person so arrested, as aforesaid, directly or indirectly, to escape from the custody of the officer or person or persons assisting him, as aforesaid, or (d) harbor or conceal any person for whose arrest a warrant or other process shall have been issued, so as to prevent his discovery and arrest, after notice or knowledge of the fact of the issuing of such warrant or other process, shall, on conviction for any such offense, be subject to a fine of not less than fifty nor more than one thousand dollars or imprisonment for not less than three months nor more than one year, or both, at the discretion of the court having jurisdiction.

S.C.Code Ann. § 16–5–50. At the conclusion of the State's case, Alls moved for a directed verdict, arguing that section 16–5–50 only applies to officers executing warrants for offenses against civil rights. The court granted the motion as to subsection (a) of the statute, but denied it as to subsection (d).

We agree with Alls that the trial court erred in failing to direct a verdict as to subsection (d) of section 16–5–50. If subsection (d) were viewed in isolation, it would literally appear to be applicable to the facts of this case. However, a closer examination reveals that section 16–5–50 is part of a broader statutory scheme concerning civil rights. Section 16–5–50 was originally enacted in 1871. Except for minor changes, the provision in the 1871 act is the same as current section 16–5–50. The preamble [1] to the original act evidences that section 16–5–50 was intended to apply to arrests made in relation to offenses against civil rights:

Whereas threatenings, intimidation and violence are used in portions of this State against the peace of the same; and

---

**1.** *See City of Spartanburg v. Leonard,* 180 S.C. 491, 186 S.E. 395 (1936) (While it is true that the preamble is not a part of the effective portion of the statute, nevertheless the preamble may supply the guide to the meaning of the act.).

whereas the laws are set at defiance, and the officers of the law hindered, prevented and obstructed in the discharge of their duties; and whereas armed, disguised and lawless persons are threatening, maltreating and assassinating peaceable and defenceless citizens; therefore, ... [b]e it enacted ...

Acts & Joint Resolutions of the General Assembly of the State of South Carolina 559 (1871); *see also Warr v. Darlington County,* 181 S.C. 254, 186 S.E. 920 (1936).

An examination of the other provisions of Title 16, Chapter 5 reinforces the conclusion that section 16–5–50(d) relates to offenses against civil rights. South Carolina Code Ann. § 16–5–10 (Supp.1997) provides that it is "unlawful for two or more persons to band or conspire together or go in disguise upon the public highway or upon the premises of another with the intent to injure, oppress, or violate the person or property of a citizen because of his political opinion or his expression...." South Carolina Code Ann. § 16–5–30 (1985) addresses the duties and liabilities of officers "upon receipt of notice from any person that he has knowledge of an intention or attempt to destroy his property or to collect a mob for that purpose." South Carolina Code Ann. § 16–5–60 (1985) concerns suits against counties for damages resulting from civil rights violations. South Carolina Code Ann. § 16–5–70 (1985) provides for suits against counties for damages, where property was destroyed in consequence of any mob or riot. South Carolina Code Ann. § 16–5–90 (1985) preserves the property owner's right of action against the participants in any mob or riot, which resulted in damage to property. South Carolina Code Ann. §§ 16–5–120—130 (1985 & Supp.1997) set out the penalties for engaging in, or instigating, aiding, or participating in, riots.

In construing statutory language, the statute must be read as a whole, and sections which are part of the same general statutory law must be construed together and each one given effect, if it can be done by any reasonable construction. *Higgins v. State,* 307 S.C. 446, 415 S.E.2d 799 (1992). When read as a whole, section 16–5–50 must be construed as part of a broader civil rights statutory scheme, and not as an independent means of prosecuting those who harbor or conceal persons to be arrested. We hold that section 16–5–50(d) is

applicable to those who harbor or conceal any person for whose arrest a warrant or other process shall have been issued under the provisions of Title 16, Chapter 5. Alls should probably have been indicted under a different statute, such as S.C.Code Ann. § 16–9–320 (Supp.1997).[2]

We are aware of previous cases wherein individuals have been convicted under section 16–5–50 in actions other than those relating to civil rights. *See, e.g., State v. Etherage*, 277 S.C. 523, 290 S.E.2d 413 (1982). It must be recognized, however, that in none of these cases did the defendants raise the issue of the inapplicability of section 16–5–50, as Alls has in this appeal.

### CONCLUSION

Based on the foregoing, we REVERSE Alls's conviction.

FINNEY, C.J., MOORE, WALLER and BURNETT, JJ., concur.

---

**2.** It is unlawful for a person knowingly and wilfully to oppose or resist a law enforcement officer in serving, executing, or attempting to serve or execute a legal writ or process or to resist an arrest being made by one whom the person knows or reasonably should know is a law enforcement officer, whether under process or not. A person who violates the provisions of this subsection is guilty of a misdemeanor and, upon conviction, must be fined not less than five hundred dollars nor more than one thousand dollars or imprisoned not more than one year, or both.
S.C.Code Ann. § 16–9–320(a).