588 S.E.2d 105

**The STATE, Respondent/Appellant,**

v.

**Willie Edward GORDON, Jr., a/k/a Jr. Gordon, Appellant/Respondent.**

No. 25737.

Supreme Court of South Carolina.

Heard July 8, 2003.

Decided Oct. 20, 2003.

Rehearing Denied Nov. 20, 2003.

146

Assistant Appellate Defender Eleanor Duffy Cleary, of Columbia, for Appellant–Respondent.

Attorney General Henry Dargan McMaster, Chief Deputy Attorney General John W. McIntosh, Assistant Deputy Attorney General Charles H. Richardson, Senior Assistant Attorney General Norman Mark Rapoport, of Columbia, and Solicitor Thomas E. Pope, of York, for Respondent–Appellant.

Justice WALLER.

In February 2001, Willie Edward Gordon was convicted of trafficking in crack cocaine and sentenced to thirty years. He appeals, contending his conviction is barred by double jeopardy. The state appeals the trial court's refusal to sentence Gordon to life imprisonment without parole (LWOP) under the Two–Strikes law. We affirm both appeals.

## FACTS

In May 1997, a seven-count indictment was handed down against Gordon. On June 9–12, 1997, the state proceeded to trial solely on count five of the indictment, trafficking in crack

cocaine in violation of S.C.Code Ann. § 44-53-375(c).[1]  Count five of the indictment reads:

> That WILLIE E. GORDON, AKA "JR" AND **TOMMY JAMES RHINEHART** did Traffick in Crack Cocaine in York County, on or about **September 21st through September 23rd, 1996** by either:  knowingly selling, delivering or distributing;  or did purchase, or bring into this State;  or provide financial assistance or did otherwise aid, abet, or attempt to sell, or deliver, or purchase, or bring into this State;  or did possess, either actually or constructively, **twenty-eight grams or more** of crack cocaine, a Schedule II controlled substance under provisions of Section 44-53-100 et. seq., . . . such conduct not having been authorized by law and is a violation of Section 44-53-375(c)—Trafficking in Crack Cocaine. (emphasis supplied).

Notably, count five does not allege that Gordon in any way **conspired** to traffic crack.  Further, although the trial court instructed the jury the statutory language of § 44-53-375(c), it did **not** give the jury a separate jury instruction concerning the law of conspiracy.  The jury found Gordon guilty of trafficking, and he was sentenced to thirty years.

Thereafter, in October 2000, another indictment was issued against Gordon charging him with trafficking crack cocaine, as follows:

> That on or about **September 27, 1996,** in York County, South Carolina, the Defendant, Willie Edward Gordon, Jr. AKA Jr. Gordon, did wilfully, unlawfully and knowingly sell and/or deliver and/or bring into the State of South Carolina and/or provide financial assistance and/or otherwise aid or abet **and/or conspire with Spencer L. Gordon** to sell and/or was knowingly in actual or constructive possession of **more than 10 grams but less than 28 grams** of Crack

---

1.  Section 44-53-375(C) provides, in part:

   A person who knowingly sells, manufactures, delivers, purchases, or brings into this State, or who provides financial assistance or otherwise aids, abets, attempts, or conspires to sell, manufacture, deliver, purchase, or bring into this State, or who is knowingly in actual or constructive possession or who knowingly attempts to become in actual or constructive possession of ten grams or more of ice, crank, or crack cocaine, . . . is guilty of a felony which is known as "trafficking in ice, crank, or crack cocaine . . ."

148

Cocaine as defined in Sections 44–53–110, 44–53–210(b)(4) and as such did Traffick Crack Cocaine, in violation of Section 44–53–375, Code of Laws of South Carolina (1976, as amended).

(emphasis supplied).[2]

The charges from the 2000 indictment were called for trial in February 2001. Counsel for Gordon moved to dismiss the 2000 indictment, contending the charges therein were all part of "one continuing transaction," essentially one conspiracy to traffic, for which Gordon was convicted in 1997. Accordingly, he contended the subsequent prosecution was barred by double jeopardy. The trial court ruled there were two separate and distinct offenses and allowed the state to proceed on the 2000 indictment. The jury found Gordon guilty of trafficking.

In light of Gordon's 1997 trafficking conviction, the state moved for a sentence of LWOP under the Two–Strikes law, S.C.Code Ann. § 17–25–45 (Supp 2002).[3] The trial court declined to impose a LWOP sentence, finding the crime charged in the 1997 indictment (September 21–23, 1996), and the one charged in the 2000 indictment (September 27, 1997), were so closely connected in point of time as to come within the purview of S.C.Code Ann. § 17–25–50.[4] Accordingly, the court held Gordon was not subject to a recidivist sentence under the Two–Strikes law; he was sentenced to thirty years,

2. This indictment was substantially the same as count seven of the 1997 indictment charging Gordon with trafficking; however, at the 1997 trial, count seven was nol prossed with the right to restore.

3. Under the Two–Strikes law, S.C.Code Ann. § 17–25–45(B), upon a conviction for a "serious offense," a person must be sentenced to LWOP if he/she has two or more convictions for a "serious" or "most serious" offense or a combination thereof. Here, Gordon had one prior "most serious" offense of armed robbery, and his 1997 trafficking in crack conviction is a "serious offense." As the current offense is also a "serious" offense, Gordon is subject to LWOP unless the current crime occurred so closely in point of time with the events leading to his 1997 conviction that the trial court properly treated it as one offense under § 17–25–50.

4. Section 17–25–50 requires the sentencing court to "treat as one offense any number of offenses which have been committed at times so closely connected in point of time that they may be considered as one offense."

concurrent to the sentence imposed for his 1997 trafficking conviction.

## ISSUES

1. Did the trial court err in refusing to quash the 2000 indictment on the ground that a subsequent prosecution was barred by double jeopardy? (Gordon's appeal)
2. Did the trial court err in refusing to sentence Gordon to LWOP? (State's appeal)

## 1. DOUBLE JEOPARDY

Gordon asserts the conduct for which he was convicted of trafficking in 1997 was "part of a continuing course of conduct that constituted one criminal act," and was a continuing conspiracy which continued through the events alleged in the 2000 indictment, such that the 2001 prosecution was barred by double jeopardy.[5] We disagree.

The Double Jeopardy clause protects against: (1) a second prosecution for the same offense after acquittal; (2) a second prosecution for the same offense after conviction; and (3) multiple punishments for the same offense. *State v. Nelson*, 336 S.C. 186, 519 S.E.2d 786 (1999); *State v. Easler*, 327 S.C. 121, 489 S.E.2d 617 (1997). A substantive crime and a conspiracy to commit that crime are not the "same offense" for double jeopardy purposes. *United States v. Felix*, 503 U.S. 378, 112 S.Ct. 1377, 118 L.Ed.2d 25 (1992). Conspiracies and the substantive offenses committed in the course of those conspiracies may be charged separately. *United States v. Love*, 767 F.2d 1052, 1062 (4th Cir.1985) *citing Callanan v. United States*, 364 U.S. 587, 81 S.Ct. 321, 5 L.Ed.2d 312 (1961); *Iannelli v. United States*, 420 U.S. 770, 95 S.Ct. 1284, 43 L.Ed.2d 616 (1975).

Gordon argues his 1997 prosecution essentially involved the same conspiracy as the 2001 prosecution, such that the latter is barred by double jeopardy. We disagree. Initially, we note that the 1997 indictment charged Gordon with "**trafficking,**" rather than "**conspiracy** to traffic," and there is

---

5. S.C. CONST. art. I, § 12; U.S. CONST. Amend V.

absolutely no language whatsoever in that indictment alleging Gordon in any way conspired to traffic cocaine. Moreover, although the trial court charged the jury the language of the trafficking statute at the 1997 trial, it did not charge the jury concerning the elements necessary to establish the offense of "conspiracy." [6] We find the 1997 trial was clearly a prosecution for a single substantive offense of trafficking in cocaine, which occurred between September 21–23, 1996.

The 1997 prosecution involved events, details, and persons completely separate from the event proven at Gordon's 2001 trial. The 1997 indictment listed a very discrete period of time (Sept. 21–23, 1996), alleged a different amount of cocaine than the 2000 indictment (28 grams or more, as opposed to between 10–28 grams), and alleged Gordon had trafficked with a different individual (Tommy James Rhinehart in 1997 indictment; Spencer Gordon in the 2000 indictment). Moreover, the evidence presented at the 1997 trial clearly demonstrated the substantive offense of trafficking. At that trial, the state proved that on September 23, 1996, police were investigating Tommy Rhinehart, a suspected drug dealer. Rhinehart left his home and went down an alley toward Gordon's home, which was 50–75 yards away. When Rhinehart returned, police executed a search warrant on his home and discovered two bags of crack cocaine, and a pill bottle also containing crack. Rhinehart decided to cooperate with police and told them he had gotten the crack from Gordon. Rhinehart testified Gordon had given him two bags of crack, on Sat. Sept. 21, 1996, in the alley between their homes. Rhinehart sold that crack between Saturday and Monday, and paid Gordon $500.00 to pay for it on Monday (Sep. 23rd), at which time Gordon gave him two more bags. We find this evidence clearly demonstrates the **substantive** offense of trafficking, for which Gordon was convicted. Accordingly, we find the 1997 prosecution did not result in a conspiracy conviction, such that there is no double jeopardy violation.

---

6. A conspiracy is a combination or agreement between two or more persons for the purpose of accomplishing a criminal or unlawful object, or of achieving by criminal or unlawful means an object that is neither criminal nor unlawful. *State v. Ameker,* 73 S.C. 330, 53 S.E. 484 (1906). The gravamen of the offense of conspiracy is the agreement or combination. *State v. Dasher, supra.*

Nonetheless, Gordon asserts that because the trial court charged the jury the language of the trafficking statute at his 1997 trial, to wit, that a person who "aids, abets, attempts or **conspires** to sell, manufacture, deliver, purchase, or bring [crack cocaine] into this State ... [is guilty of trafficking]," that his 2001 prosecution was prohibited. We disagree.[7]

Gordon's basic contention is that, because the word "conspires" was included in the judge's charge covering the trafficking statute, § 44–53–375(C), his 1997 trial was essentially rendered a "conspiracy" trial. We disagree. As noted previously, Gordon was not indicted for conspiracy, and the jury was **not** charged on the law of conspiracy at the 1997 trial. Simply because the trial court instructed the jury the language of the trafficking statute did not thereby transform his trafficking trial into one for conspiracy. As noted previously, a substantive crime and a conspiracy to commit that crime are not the "same offense" for double jeopardy purposes, and a defendant may be separately indicted for both offenses. *United ed States v. Felix, supra; see also State v. Wilson,* 311 S.C. 382, 391, 429 S.E.2d 453, 458 (1993) (Toal, J. concurring, and noting that conspiracy "is a completely separate offense from the substantive offenses which are the objects of the conspiracy."). Accordingly, even if we accept Gordon's contention that he was tried for conspiracy in 2001, there is no double jeopardy violation since he was properly tried and convicted of the substantive offense of trafficking in 1997. The circuit court properly ruled there were two separate and distinct offenses.

## 2. CONTINUOUS COURSE OF CONDUCT

■ Gordon asserts the trial court properly refused to impose a sentence of LWOP pursuant to the recidivist statute, S.C.Code Ann. § 17–25–45 (a/k/a the Two–Strikes law),[8] on the

---

7. Gordon's reliance on *State v. Amerson,* 311 S.C. 316, 428 S.E.2d 871 (1993), is misplaced. *Amerson* involved a case in which the defendant was indicted for **conspiracy** to traffic marijuana. Similarly, *State v. Dasher,* 278 S.C. 454, 298 S.E.2d 215 (1982) was also a conspiracy case. Here, both the 1997 and 2000 indictments were for the substantive offense of trafficking rather than conspiracy to traffic.

8. See footnote 3.

ground that his two trafficking offenses were committed so closely in point of time as to be treated as one offense under S.C.Code Ann. § 17–25–50.[9] The state, citing this Court's recent opinion in *State v. Benjamin*, 353 S.C. 441, 579 S.E.2d 289 (2003), contends a trial court may not consider § 17–25–45 in conjunction with § 17–25–50 in determining whether a recidivist sentence is warranted under the Two–Strikes law. We agree with Gordon that these statutes must be construed together. Accordingly, we overrule *Benjamin* and affirm the trial court's ruling that Gordon's two offenses were properly treated as one for purposes of sentencing under the Two–Strikes law.

In *Benjamin, supra,* a majority of this Court held that the recidivist statute must be considered independently of any other statute.[10] It found the introductory language to § 17–25–45, to the effect that "Notwithstanding any other provision of law [certain defendants] shall be sentenced to life in prison," barred consideration of § 17–25–50 in determining whether the defendant qualifies for a Two–Strikes recidivist sentence. 353 S.C. at 445, 579 S.E.2d at 291. We find this holding contrary to both the legislative intent and prior precedent of this Court.

Statutes which are part of the same legislative scheme should be construed together. *Stardancer Casino, Inc. v. Stewart*, 347 S.C. 377, 556 S.E.2d 357 (2001). In construing statutory language, the statute must be read as a whole, and sections which are part of the same general statutory law must be construed together and each one given effect, if it can be done by any reasonable construction. *State v. Alls*, 330 S.C. 528, 500 S.E.2d 781 (1998). Furthermore, the court should not consider the particular clause being construed in isolation, but should read it in conjunction with the purpose of the whole statute and the policy of the law. *South Carolina Coastal Council v. South Carolina State Ethics Comm'n*, 306 S.C. 41, 44, 410 S.E.2d 245, 247 (1991). Courts will reject the plain and ordinary meaning of statutory lan-

---

9. See footnote 4.

10. The majority opinion in *Benjamin* was joined by Justice Pleicones, Justice Burnett, and Judge Cottingham. Justice Waller and Justice Moore dissented.

guage when to accept it would lead to a result so absurd that it could not possibly have been intended by Legislature, or would defeat plain legislative intention; if possible we will construe a statute so as to escape an absurd result and carry the legislative intention into effect. *Joseph v. State*, 351 S.C. 551, 571 S.E.2d 280 (2002). Moreover, we are constrained to strictly construe penal statutes in the defendant's favor. *State v. Blackmon*, 304 S.C. 270, 403 S.E.2d 660 (1991).

This Court has previously recognized that the predecessor to § 17–25–45 (17–25–40) and § 17–25–50 must be construed together. *See State v. Stewart*, 275 S.C. 447, 452, 272 S.E.2d 628, 631, n. 2 (1980) (recognizing that section 17–25–50 must be read in conjunction with section 17–25–40, the predecessor to section 17–25–45). We have also recognized that § 17–25–45 and § 17–25–50 are part of an overall, legislative scheme for recidivist sentencing. *See also State v. Muldrow*, 259 S.C. 414, 192 S.E.2d 211 (1972) (statute directing trial court to treat as one offense any number of offenses committed at times so closely connected in point of time that they may be considered as one offense is applicable only for purpose of sentencing under recidivist statute); *Legare v. State*, 333 S.C. 275, 509 S.E.2d 472 (1998) (recognizing that § 17–25–50 is part of the recidivist sentencing scheme).

The *Benjamin* majority ignores these precedents and holds, under the guise of statutory construction, that it is no longer appropriate or necessary to harmonize or reconcile § 17–25–45 with § 17–25–50. 353 S.C. at 445, 579 S.E.2d at 291. Under the majority's rationale, however, S.C.Code Ann. § 17–25–50 is rendered a nullity.[11] This cannot have been the intent of the Legislature; if it had intended to repeal § 17–25–50, it could have plainly said so. *Stardancer Casino v. Stewart, supra; Tilley v. Pacesetter*, 333 S.C. 33, 508 S.E.2d 16 (1998) (if legislature had intended certain result in statute it would have said so).

---

11. The only exception would be if a defendant is tried simultaneously for numerous offenses. If, however, the state elects separate trials to prosecute a defendant for multiple crimes, such that the he or she has a qualifying "prior conviction," then the trial court is prohibited from consideration of whether the offenses were committed at points so close in time as to be one offense. We find this an absurd result, clearly not intended by the legislature.

Moreover, we are persuaded by the dissenting position in *Benjamin,* to wit:

A recidivist is "a habitual criminal. A criminal repeater. An incorrigible criminal. One who makes a trade of crime." *Black's Law Dictionary,* 1269 (6th Ed.1990). Recidivist legislation attempts to encourage offenders to stay out of trouble and punishes those who refuse to be deterred even after a conviction. *Commonwealth v. Eyster,* 401 Pa.Super. 477, 585 A.2d 1027, 1031 (1991). Recidivists are persons who continue to commit criminal, antisocial behavior after incarceration for an earlier offense. Recidivist statutes aim at punishing those who have shown they are incorrigible offenders. Shannon Thorne, *One Strike and You're Out: Double Counting and Dual Use Undermines the Purpose of California's Three Strikes Law,* 34 U.S.F.L.Rev. 99 (1999). The purpose of requiring separate offenses is to ensure that those offenders being sentenced under the harsh provisions of a recidivist sentencing statute have not been classified as habitual offenders because of multiple convictions arising from a single criminal enterprise; it provides the state with some certainty that the offender has participated in multiple criminal trials and, despite these opportunities to understand the gravity of his behavior and abide by the law, has continued to engage in criminal conduct. Daniel Rogers, *People v. Furman and Three Strikes: Have the Traditional Goals of Recidivist Sentencing Been Sacrificed at The Altar of Public Passion?,* 20 Thomas Jefferson L.Rev. 139, 156 (Spring 1998).

353 S.C. at 446, 579 S.E.2d at 291.

We find the recidivist statute is aimed at career criminals, those who have been previously sentenced and then commit another crime, not at those whose recidivist status is premised solely upon acts which occur at times so closely connected in point of time that they may be considered as one offense. Accordingly, we hold § 17–25–45 and § 17–25–50 must be construed together in determining whether crimes committed at points close in time qualify for a recidivist sentence. We overrule *State v. Benjamin,* 353 S.C. 441, 579 S.E.2d 289 (2003), and affirm the trial court's consideration of

17–25–50 in refusing to impose a sentence of LWOP under the facts of this case.[12]

## CONCLUSION

We affirm the trial court's ruling that Gordon was not placed in double jeopardy as a result of his 2001 prosecution. We also affirm the trial court's consideration of § 17–25–50 in refusing to impose a sentence of LWOP. The judgment below is

**AFFIRMED.**

TOAL, C.J., MOORE, J., and Acting Justice MARC H. WESTBROOK, concur. BURNETT, J., concurring in part and dissenting in part in a separate opinion.

Justice BURNETT (concurring in part; dissenting in part).

I agree Gordon has suffered no double jeopardy violation. However, I disagree with the majority's conclusion that South Carolina Code Ann. § 17–25–45 (2003) must be read in conjunction with South Carolina Code Ann. § 17–25–50 (2003).

As fully explained by this Court a few months ago, the language of § 17–25–45, specifically the introductory phrase "[n]otwithstanding any other provision of law," demonstrates the General Assembly unequivocally intended the statute to be read independently of other provisions, including § 17–25–50. *State v. Benjamin,* 353 S.C. 441, 579 S.E.2d 289 (2003). The Court considered and rejected the very same arguments presented by Gordon today.

Further, the principle of stare decisis compels the majority follow *State v. Benjamin, id.* "Stare decisis exists to 'insure a quality of justice which results from certainty and stability.' " *State v. One Coin–Operated Video Game Mach.,* 321 S.C. 176, 181, 467 S.E.2d 443, 446 (1996) (internal citations omitted).

---

12. We note this does not mean Gordon is not subject to separate sentences for these offenses, merely that he is not subject to a recidivist LWOP sentence as a result of his second trafficking conviction. For the benefit of bench and bar, we note that our decision in this matter is to be given retroactive application. *Cf. Pinckney v. Warren,* 344 S.C. 382, 544 S.E.2d 620 (2001)(retroactivity may be extended when justice requires and innocent persons will not be adversely affected).

Prosecutors, those charged with crimes, and the general public alike benefit from the predictability associated with the Court's decisions. Ultimately, no one benefits when the Court issues opinions which diverge from month to month. Accordingly, even when a judge dislikes the result, stare decisis behoves him to follow precedent. *See State v. Hudgins,* 319 S.C. 233, 460 S.E.2d 388 (1995) (wherein Chief Justice Finney concurred with majority's holding with which he did not agree as he recognized stare decisis bound him to the result). Moreover, adhering to stare decisis where we have previously interpreted a statute does not result in rigid application of the law as the General Assembly may correct any misinterpretation on our part. *State v. One Coin–Operated Video Game Mach., supra.*

In my opinion, *State v. Benjamin, supra,* is dispositive. I would affirm Gordon's LWOP sentence.