596 S.E.2d 907

The STATE, Petitioner,

v.

Minyard Lee WOODY, Respondent.

No. 25801.

Supreme Court of South Carolina.

Heard Feb. 4, 2004.
Decided April 5, 2004.
Rehearing Denied June 15, 2004.

Attorney General Henry Dargan McMaster, Chief Deputy Attorney General John W. McIntosh, Assistant Deputy Attorney General Charles H. Richardson, Assistant Attorney General Melody J. Brown, all of Columbia; and Harold W. Gowdy, III, of Spartanburg, for Petitioner.

Assistant Appellate Defender Aileen P. Clare, of Columbia, for Respondent.

Chief Justice TOAL:

The State argues that the Court of Appeals erred when it held that Respondent's two prior convictions of armed robbery constituted one offense under S.C.Code Ann. § 17–25–50 (1985). We disagree and affirm the Court of Appeals' decision.

## FACTUAL/PROCEDURAL BACKGROUND

Respondent Minyard Woody ("Respondent") was convicted of second-degree burglary in July 1999. During trial, the State argued that S.C.Code Ann. § 17–25–45 (Supp.2000) mandated a life sentence without the possibility of parole because Respondent had been convicted of two counts of armed robbery on January 21, 1981. The two previous armed robbery convictions stemmed from a single incident but involved two different victims: Respondent robbed a Fast Fare convenient store and was convicted of armed robbery of both the store's clerk and the store itself.

The trial judge sentenced Respondent to a life sentence without the possibility of parole pursuant to S.C.Code Ann. § 17–25–45 (Supp.2000).[1] The Court of Appeals reversed and held that Respondent's two prior convictions were the same offense under S.C.Code Ann. § 17–25–50 (1985), and therefore the "three strikes rule" of section 17–25–45—requiring a life sentence without the possibility of parole when convicted of three "serious" crimes—does not apply. The State submits the following issue on appeal:

**Did the Court of Appeals err in holding that Respondent's two prior convictions constituted one offense under section 17–25–50?**

## LAW/ANALYSIS

In 2003, this Court published two opinions addressing issues similar to those in the present case. *State v. Gordon,* 356 S.C. 143, 588 S.E.2d 105 (2003); *State v. Benjamin,* 353 S.C. 441,

---

**1.** Section 17–25–45(B) is a recidivist statute that provides, in part, that a person convicted of a "serious offense" as defined within the statute must be sentenced to life in prison without the possibility of parole if that person has two or more prior convictions for "serious" or "most serious" offenses.

579 S.E.2d 289 (2003). The holdings of those cases are somewhat inconsistent, due to the contradictory language between sections 17–25–45 and 17–25–50.

Section 17–25–45(B) mandates that criminal defendants who are convicted of three "most serious" or "serious" crimes be sentenced to life imprisonment without parole.[2]

On the other hand, section 17–25–50, entitled "Considering closely connected offenses as one offense" states:

[i]n determining the number of offenses for the purpose of imposition of sentence, the court shall treat as one offense any number of offenses which have been committed at times so closely connected in point of time that they may be considered as one offense, notwithstanding under the law they constitute separate and distinct offenses.

However, section 17–25–45(B) begins with the phrase: "[n]otwithstanding any other provision of law . . .," indicating that it should be interpreted and enforced in isolation of other applicable sections, such as section 17–25–50. Further, in July 2003, this Court held that section 17–25–50 is inapplicable in a "three strikes rule" analysis. *State v. Benjamin,* 353 S.C. 441, 579 S.E.2d 289 (2003). This Court opined:

that the legislature intends that § 17–25–45 be construed independent of any other statute is reinforced by the introductory language of subsections (E) and (F), both of which begin "For purposes of determining a prior conviction under this section only. . . ." It is no longer necessary or appropriate to harmonize or reconcile § 17–25–45 and § 17–25–50 in light of the General Assembly's unmistakable instruction that § 17–25–45 be applied without regard to any other provision of law.

353 S.C. 441, 445, 579 S.E.2d 289, 291 (2003).

However, in October 2003, after these parties submitted their briefs, this Court overturned *Benjamin* in *State v. Gordon,* 356 S.C. 143, 152, 588 S.E.2d 105, 109 (2003), holding that the two statutes must be construed together, otherwise section 17–25–50 is utterly useless.

In the present case, Respondent's prior criminal record included two convictions of armed robbery. Given this Court's

---

**2.** Armed robbery is listed as one of the "most serious offense[s]" according to § 17–25–45(C)(1).

4

recent ruling in *State v. Gordon,* and the fact that the offenses were committed at the same time, the two offenses constitute only one offense under section 17–25–50. Accordingly, Respondent has only two strikes against him, not three.

We affirm the Court of Appeals' decision, holding that Respondent's two prior convictions of armed robbery constitute one offense.

MOORE, J., and Acting Justices DANIEL F. PIEPER and ALEXANDER S. MACAULAY, concur. PLEICONES, J., dissenting in a separate opinion.

Justice PLEICONES, dissenting:

I respectfully dissent. I continue to adhere to my opinion in *State v. Benjamin,* 353 S.C. 441, 579 S.E.2d 289 (2003), which was overruled by *State v. Gordon,* 356 S.C. 143, 588 S.E.2d 105 (2003). In my opinion, *Benjamin* correctly analyzed the seeming tension between S.C.Code Ann. § 17–25–45 (Supp. 2000) and § 17–25–50 (1985). I would reverse the Court of Appeals.