643 S.E.2d 680

**Robert Holland KOON, Respondent,**

v.

**STATE of South Carolina, Petitioner.**

**No. 26295.**

Supreme Court of South Carolina.

Submitted Dec. 7, 2006.
Decided March 26, 2007.

Attorney General Henry Dargan McMaster, Chief Deputy Attorney General John W. McIntosh, Assistant Deputy Attorney General Salley W. Elliott, Assistant Attorney General Molly R. Crum, of Columbia, for Petitioner.

Deputy Chief Attorney Wanda H. Carter, of South Carolina Commission on Indigent Defense, Division of Appellate Defense, of Columbia, Robert Holland Koon, of Bishopville, for Respondents.

Justice WALLER.

We granted the state's petition for a writ of certiorari to review the grant of Post–Conviction Relief (PCR) to Respondent, Robert Holland Koon. The PCR court found Koon was improperly sentenced to life imprisonment without parole (LWOP). We reverse.

## FACTS

In May 1998, Koon was convicted of grand larceny and second degree burglary. Based upon Koon's 1986 guilty plea to four counts of second-degree burglary, he was sentenced as a recidivist to LWOP. His direct appeal was affirmed by the Court of Appeals. *State v. Koon*, Op. No.2000–UP–291 (Ct. App. April 18, 2000).[1] His first application for PCR was dismissed after a hearing. After Koon's first PCR hearing, but prior to dismissal of his application, we issued our opinion in *State v. Gordon*, 356 S.C. 143, 588 S.E.2d 105 (2003). Koon filed a second PCR application asserting that, pursuant to *Gordon*, his prior second-degree burglary crimes should have been treated as one crime for purposes of sentencing under the recidivist statute. The PCR court agreed with Koon and vacated the LWOP sentence.

## ISSUE

Did the PCR court err in holding Koon was improperly sentenced to LWOP based upon his 1986 second-degree burglary convictions?

---

1. Koon asserted at the Court of Appeals that the offenses were not "serious offenses" which triggered the recidivist statute, S.C.Code Ann. § 17–25–45(C)(2)(b). The Court of Appeals found three of the four offenses were "serious offenses." In 2004, this Court vacated one of the four convictions, finding the indictment alleged only third-degree burglary, such that the trial court did not have subject matter jurisdiction to accept the plea to second-degree burglary. *Koon v. State*, 358 S.C. 359, 595 S.E.2d 456 (2004). However, our holding in *Koon I* has been overruled by *State v. Gentry*, 363 S.C. 93, 610 S.E.2d 494 (2005). The PCR court did not consider the conviction which was vacated by this Court in *Koon I*.

## DISCUSSION

In *State v. Gordon,* we addressed the interplay between S.C.Code Ann. § 17–25–45 and § 17–25–50. There, we recognized that § 17–25–45 requires defendants who are convicted of three "most serious" offenses [2] to be sentenced to LWOP, while § 17–25–50 requires that for purposes of sentencing, "the court shall treat as one offense any number of offenses which have been committed at times so closely connected in point of time that they may be considered as one offense, notwithstanding under the law they constitute separate and distinct offenses." In *Gordon,* we overruled prior precedent [3] which had held § 17–25–50 was inapplicable in a "three strikes rule" analysis and held, instead, that §§ 17–25–45 and 17–25–50 must be construed together in determining whether crimes committed at points close in time qualify for a recidivist sentence.

Koon contends that, under *Gordon,* he should not have been sentenced to LWOP. We disagree. Although *Gordon* stands for the proposition that two offenses committed closely in point of time should be considered as one for purposes of sentencing, *Gordon* did not establish a bright-line rule as to what constitutes "two offenses committed so closely in point of time." We find the 1986 offenses committed here simply do not fall under § 17–25–50.

The cases which have found "one continuous course of conduct" under § 17–25–50 have been cases in which, for example, the defendant had two convictions arising out of a single incident, see *State v. Woody,* 359 S.C. 1, 596 S.E.2d 907 (2004) (two previous armed robbery convictions stemmed from a single incident but involved two different victims: Woody robbed a convenience store and was convicted of armed robbery of both the store's clerk and the store itself); or situations which involve crimes closely connected in point of time, *State v. Gordon* (where trafficking and conspiracy to traffic crack cocaine occurred within a one week period, the offenses were, although separate and distinct offenses for which Gor-

---

**2.** Second-degree burglary under S.C.Code Ann. § 16–11–312(b) falls into this category. S.C.Code Ann. § 17–25–45(C)(2).

**3.** *State v. Benjamin,* 353 S.C. 441, 579 S.E.2d 289 (2003).

don was properly sentenced, "so closely connected in point of time" as to properly be treated as one offense for purposes of recidivist sentencing); or apply to a single, continuous crime spree, *State v. Benjamin,* 353 S.C. 441, 579 S.E.2d 289 (2003), overruled by *State v. Gordon,* infra (two armed robberies and murder committed within a four-hour period).

Here, the second-degree burglaries which qualified Koon for sentencing as a recidivist were the March 13, 1986 nighttime burglary of the office of P & G Motors; the March 14, 1986 nighttime burglary of the office or dwelling of Bill Willard; and the March 28, 1986 nighttime burglary of Cudd–Lovelace insurance Company.

We need not address whether the March 13th and March 14th crimes could or should have been treated as one for purposes of sentencing. We find the March 28th burglary of a different building, in a different location, which occurred two weeks later, clearly constitutes a separate burglary. Accordingly, Koon had, at the very least, two prior serious convictions such that the present conviction constituted his third, and he was therefore properly sentenced as a recidivist.

**REVERSED.**

TOAL, C.J., MOORE and PLEICONES, JJ., concur.

BURNETT, J., not participating.