**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Willis Weary, Respondent,

v.

State of South Carolina, Petitioner.

Appellate Case No. 2011-201588

---

**ON WRIT OF CERTIORARI**

---

Appeal From Richland County
G. Thomas Cooper, Jr., Trial Judge
James R. Barber, III, Post-Conviction Relief Judge

---

Unpublished Opinion No. 2016-UP-132
Heard February 2, 2015 – Filed March 9, 2016

---

**REVERSED**

---

Attorney General Alan McCrory Wilson and Assistant Attorney Megan E. Harrigan, both of Columbia, for Petitioner.

Appellate Defender Kathrine Haggard Hudgins, of Columbia, for Respondent.

---

**PER CURIAM:** The State of South Carolina (the State) appeals the post-conviction relief court's (PCR court) order granting Willis Weary's application for post-conviction relief and remanding his case for sentencing on second-degree burglary. The State argues the PCR court erred in determining that Weary's trial counsel provided ineffective assistance by failing to investigate and properly challenge—at the directed verdict stage in a trial for first-degree burglary—two prior burglary convictions, which elevated Weary's charge to first-degree burglary. The State further argues Weary's sentence was appropriately enhanced based on his three prior burglary convictions. We reverse.

## I.   Deficient Performance

On April 19, 2006, the Richland County grand jury indicted Weary for first-degree burglary, alleging the August 20, 2005 burglary occurred "in the nighttime." The indictment was subsequently amended on January 25, 2007, to include the additional allegation that Weary had "a prior record of two or more convictions for burglary." Following a jury trial, Weary was convicted of first-degree burglary and sentenced to eighteen years of imprisonment. The PCR court subsequently granted Weary's application for post-conviction relief and remanded for resentencing on the charge of second-degree burglary. At issue is whether the PCR court erred in finding that trial counsel was ineffective for failing to investigate Weary's prior burglary convictions.

In order to establish a claim of ineffective assistance of counsel, a PCR applicant must prove:  (1) counsel failed to render reasonably effective assistance under prevailing professional norms; and (2) counsel's deficient performance prejudiced the applicant's case. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). "A criminal defense attorney has the duty to conduct a reasonable investigation to discover all reasonably available mitigation evidence and all reasonably available evidence tending to rebut any aggravating evidence introduced by the State." *McKnight v. State*, 378 S.C. 33, 46, 661 S.E.2d 354, 360 (2008). "A decision 'not to investigate must be directly assessed for reasonableness in all the circumstances, applying a heavy measure of deference to counsel's judgments.'" *Simpson v. Moore*, 367 S.C. 587, 597, 627 S.E.2d 701, 706 (2006) (quoting *Strickland*, 466 U.S. at 691).

Here, Weary testified that he never discussed his prior burglary convictions with trial counsel. Likewise, trial counsel did not recall discussing the prior convictions with Weary and did not have any notes reflecting such a discussion. Despite the

fact that the indictments and records related to the prior burglaries were available to trial counsel before Weary's trial on the 2005 burglary charge, trial counsel could not confirm that he pulled or reviewed the documents and admitted that he did not have a copy of them in his file. Trial counsel testified that he should have investigated Weary's prior convictions. He did not recall conducting any legal research regarding the prior convictions, did not have any legal research in his file, and did not cite any specific case law or statutes at trial. Therefore, we find no error in the decision of the PCR court finding that trial counsel failed to render reasonably effective assistance under prevailing professional norms. This finding does not conclude our analysis, however, because we must determine if Weary suffered any prejudice and to do that, analyze his prior convictions.

## II.    Prior Burglary Convictions

The State argues the PCR court erred in finding Weary's two prior burglary convictions do not satisfy the requirements for a subsequent first-degree burglary conviction based on the "two or more prior convictions" element.

A person is guilty of first-degree burglary "if the person enters a dwelling without consent and with intent to commit a crime in the dwelling and . . . the burglary is committed by a person with a *prior record of two or more convictions for burglary* or housebreaking or a combination of both; or the entering or remaining occurs *in the nighttime*." S.C. Code Ann. § 16-11-311(A)(2)-(3) (2003) (emphasis added). Our supreme court has explained that section 16-11-311 "allows the State to punish Defendant's recidivism by using his previous convictions to elevate actions that would normally constitute a burglary, second degree charge to a charge of burglary, first degree." *State v. Washington*, 338 S.C. 392, 396, 526 S.E.2d 709, 711 (2000). In seeking an enhanced punishment under this section, "the State is punishing Defendant to a greater extent for the current offense due to his repetitive illegal actions." *Id.* at 397, 526 S.E.2d at 711. "Considering this interpretation of section 16-11-311(A)(2), it is clear that the legislative policy behind the enactment of this section is to provide 'a stiffened penalty for the latest crime, which is considered to be an aggravated offense because it is a repetitive one.'" *State v. Zulfer*, 345 S.C. 258, 263, 547 S.E.2d 885, 887 (Ct. App. 2001) (quoting *Washington*, 338 S.C. at 396, 526 S.E.2d at 711).

For the purpose of sentencing, "the court shall treat as one offense any number of offenses which have been committed at times *so closely connected in point of time that they may be considered as one offense*, notwithstanding under the law they constitute separate and distinct offenses." S.C. Code Ann. § 17-25-50 (2014)

(emphasis added).  *See, e.g.*, S.C. Code Ann. § 56-1-1020 (2006) (explaining that multiple traffic offenses committed within a one-day period "shall be treated for the purposes of this article as one offense"); *State v. Woody*, 359 S.C. 1, 3–4, 596 S.E.2d 907, 908 (2004) (rejecting the State's position that defendant's two prior armed robberies, which arose from a single incident at the same time and at the same location, did not constitute one offense); *State v. Boyd*, 288 S.C. 206, 209–10, 341 S.E.2d 144, 146 (Ct. App. 1986) ("[W]e hold that where a defendant has been convicted on two or more counts for the violation of the Controlled Substance Act arising out of simultaneous acts committed in the course of a single incident, the convictions will be considered as only one for the purpose of sentencing under a subsequent conviction for a violation of the Controlled Substance Act.").  *But see Bryant v. State*, 384 S.C. 525, 533–34, 683 S.E.2d 280, 284–85 (2009) (explaining that when a defendant commits three separate armed robberies on different days, at different locations, and the robberies involved different victims, the "armed robberies may not, as a matter of law, be considered 'one offense'"); *Koon v. State*, 372 S.C. 531, 534, 643 S.E.2d 680, 682 (2007) (concluding that "the March 28th burglary of a different building, in a different location, which occurred two weeks later [than the March 13th and 14th burglaries], clearly constitutes a separate burglary").

Here, Weary's two prior second-degree burglaries took place within ten to fifteen minutes of one another on November 24, 2000, as part of a single crime spree. Further, the residences where the burglaries took place are close in proximity. Despite the fact that the November 24, 2000 burglaries involved different victims, we find the PCR court's determination that Weary provided sufficient evidence that the burglaries occurred within a single crime spree and were so closely connected in point of time that they may be considered as one offense is supported by the evidence.

Although the State only introduced evidence of two prior burglary convictions at trial, the record reflects that Weary has three prior burglary convictions.  Even if trial counsel had argued that the two prior burglaries presented were too close in time to be considered two separate offenses, the first-degree burglary charge would still have gone to the jury because the State would have simply introduced its evidence of Weary's third prior burglary, which was not closely related in time to the other priors and would clearly have qualified as an additional burglary offense. Therefore, we reverse the PCR court's finding that Weary's two prior burglary convictions did not satisfy the requirements for a subsequent first-degree burglary conviction based on the "two or more prior convictions" element.

## III.    Prejudice

The State further argues that even if the PCR court did not err in determining trial counsel was ineffective for failing to investigate Weary's prior burglary convictions, Weary cannot show any resulting prejudice.  We agree.

To show prejudice, a PCR applicant must establish that the deficient performance prejudiced the applicant to the extent that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.'"  *Strickland*, 466 U.S. at 694.  "A 'reasonable probability' is less than a preponderance of the evidence but still 'probability sufficient to undermine confidence in the outcome.'"  *Weik v. State*, 409 S.C. 214, 233, 761 S.E.2d 757, 767 (2014) (quoting *Strickland*, 466 U.S. at 693–94).  "This does not require a showing that counsel's actions 'more likely than not altered the outcome,' but the difference between *Strickland*'s prejudice standard and a more-probable-than-not standard is slight and matters 'only in the rarest case.'"  *Harrington v. Richter*, 562 U.S. 86, 112 (2011) (quoting *Strickland*, 466 U.S. at 693).

Here, the record reflects that Weary had three prior burglary convictions, two of which could not be considered as "so closely connected in point of time that they may be considered as one offense."  Therefore, we reverse the finding of the PCR court that but for trial counsel's deficiency, a different outcome would have resulted at trial.[1]

Accordingly, the decision of the PCR court is

**REVERSED.**

**SHORT, LOCKEMY, and MCDONALD, JJ., concur.**

---

[1] Because we reverse on the *Strickland* prejudice element, we decline to address the question of whether the PCR court's remedy of remanding for sentencing on second-degree burglary, as opposed to granting a new trial on first-degree burglary, was proper.  *See Futch v. McAllister Towing of Georgetown, Inc.*, 335 S.C. 598, 613, 518 S.E.2d 591, 598 (1999) (holding the appellate court need not address remaining issues when disposition of a prior issue is dispositive).